1   UNITED STATES BANKRUPTCY COURT

2   CENTRAL DISTRICT OF CALIFORNIA (OAKLAND DIVISION)

3   Case No. 4:19-bk-40193

4   Adv. Case No. 19-04057

5   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

6   In the Matter of:

7

8       PACIFIC STEEL CASTING COMPANY LLC,

9

10         Debtor.

11  - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

12      SARAH H. LITTLE, Chapter 7 Trustee,

13              Plaintiff,

14          v.

15      SPEYSIDE FUND, LLC, A Delaware limited liability

16      company, et al.

17              Defendants.

18  - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

19              United States Bankruptcy Court

20              1300 Clay Street, Suite 300

21              Oakland, CA 94612

22

23              October 27, 2022

24              1:33 PM

25

Veritext Legal Solutions
212-267-6868                    www.veritext.com                    516-608-2400

1   B E F O R E:

2   HON ROGER L. EFREMSKY

3   U. S. BANKRUPTCY JUDGE

4

5   ECRO: UNKNOWN

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Veritext Legal Solutions
212-267-6868                    www.veritext.com                    516-608-2400

1    HEARING re Trustee's Motion to Revise Order Granting UHY,

2    LLP's Motion for Summary Judgment [242]

3

4    HEARING re Defendant's Opposition filed by Defendant UHY,

5    LLP, A New York limited liability partnership [248]

6

7    HEARING re Joint Motion for Certification of Partial Final

8    Judgment and Entry of Temporary Stay filed by Sarah

9    Little filed by Defendant UHY, LLP, a New York limited

10   liability partnership [252]

11

12   HEARING re Defendant's Opposition filed by Defendant UHY,

13   LLP, a New York limited liability partnership [270]

14

15   HEARING re Defendants' Opposition filed by Defendants

16   Speyside Fund, LLC, The Alcast Company, Krishnan

17   Venkatesan, Jeffrey Stone, Eric Wiklendt, Jerry Johnson,

18   Brian Holt, Steve Wessels, RataxasCo LLC, Speyside Equity

19   LLC, Kevin Daugherty, individually and as Trustee of the TD

20   2011 Trust and PD 2011 Trust, and Robert C. Sylvester [272]

21

22   HEARING re Status Conference

23

24

25

Veritext Legal Solutions
212-267-6868                    www.veritext.com                    516-608-2400

1    HEARING re Status Conference re Creditor's Objection to

2    Claim #2 of Claimant Second Street Properties filed by

3    Speyside Fund LLC [67]

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Benjamin Graham, CET #1394

Veritext Legal Solutions
212-267-6868                    www.veritext.com                    516-608-2400

1   A P P E A R A N C E S :

2

3   BG LAW

4        Attorney for Sarah Little, Chapter 7 Trustee

5        21650 Oxnard Street, Suite 500

6        Woodland Hills, CA 91367

7

8   BY:  JESSICA BAGDANOV, ESQ.

9

10  YOUNG, GARCIA & QUADROZZI, PC

11       Attorney for UHY, LLP

12       Orchards Corporate Center 27725

13       Stansbury Boulevard Suite 125

14       Farmington Hills, MI 48334

15

16  BY:  JAYE QUADROZZI, ESQ.

17

18  JENNER & BLOCK

19       Attorney for Speyside Defendants

20       515 South Flower Street, Suite 3300

21       Los Angeles, CA 90071-2246

22

23  BY:  TODD C. TORAL, ESQ.

24

25

Case: 19-04057   Doc# 283   Filed: 11/07/22   Entered: 11/07/22 13:24:05   Page 5 of 52

1    A P P E A R A N C E S :

2

3    SHEPPARD MULLIN

4         Attorney for Second Street Properties

5         Four Embarcadero Center, Seventeenth Floor

6         San Francisco, CA 94111

7

8    BY:  MICHAEL M. LAUTER

9

10   ALSO PRESENT:

11

12   SARAH LITTLE, ESQ.

13

14

15

16

17

18

19

20

21

22

23

24

25

1              P R O C E E D I N G S

2              THE COURT:  Turning to the remaining matter on

3    calendar, calling the matter of Little v. Speyside Fund,

4    Case Number 19-04057 and Pacific Steel Casting Company LLC,

5    Case Number 19-40193.

6              MS. BAGDANOV:  Good morning, Your Honor.  Jessica

7    Bagdanov, on behalf of Sarah Little, the Chapter 7 trustee

8    and plaintiff.  Ms. Little is also present in court.

9              THE COURT:  All right.  Good morning.

10             MS. QUADROZZI:  Good morning, Your Honor.  Jaye

11   Quadrozzi, on behalf of UHY.

12             THE COURT:  All right.  Good morning.

13             MR. TORAL:  Good morning, Your Honor.  This is

14   Todd Toral, from the law firm of Jenner & Block,

15   representing the Speyside defendants.

16             THE COURT:  All right.  Good morning, Mr. Toral.

17             MR. LAUTER:  Good morning, Your Honor.  Mic

18   Lauter, of Sheppard Mullin, for Second Street Properties.

19             THE COURT:  All right.  Good morning, Mr. Lauter.

20             MR. LAUTER:  Good morning.

21             THE COURT:  Any other appearances?

22             MS. LITTLE:  Sarah Little, Chapter 7 trustee.

23             THE COURT:  All right.  Good morning, Madam

24   Trustee.  All right.  Taking up Line Item A in the matter of

25   trustee's motion to revise the order granting UHY, LLP's

1  motion for summary judgment, in light of the fact that the

2  trustee and UHY want the Court to rule actually on UHY's

3  motion for summary judgment, the Court will do that and is

4  in the process of preparing a decision.

5          With that being said, I think it would be

6  appropriate just to take this motion off calendar for the

7  time being until that is issued and the parties can look at

8  that, and then if counsel wants to go forward, it could be

9  re-noticed.  Does that make sense?

10         MS. BAGDANOV:  Yes, Your Honor.  That's acceptable

11  to the trustee and makes sense.

12         THE COURT:  All right.

13         Ms. Quadrozzi?

14         MS. QUADROZZI:  Your Honor, that' acceptable --

15  that is acceptable to UHY, Your Honor.

16         THE COURT:  All right.  Very good.  Thank you.

17  All right.  Next is Line Item B, which is the joint motion

18  for certification of partial final judgment and entry of

19  temporary stay filed by Sarah Little filed by defendant UHY,

20  LLP, a New York limited liability partnership, defendant's

21  opposition to the same.

22         MS. BAGDANOV:  Yes, Your Honor.  Did you want me

23  to proceed?

24         THE COURT:  That would be great.  Thank you.

25         MS. BAGDANOV:  Sure.  I think -- well, starting

Case: 19-04057   Doc# 283   Filed: 11/07/22   Entered: 11/07/22 13:24:05   Page 8 of
52

1   where Your Honor just left off, it may -- the timing of this

2   motion may be a little complicated, if the Court is going to

3   issue a different memorandum decision on the UHY motion for

4   summary judgment.  But I'd like to present the motion as it

5   was filed.

6         You know, undoubtedly this question is within the

7   sound discretion of Your Honor's judgment on what will

8   expedite the litigation and what will streamline the

9   litigation among these parties.  You've been presented with

10   case law from both sides really that different courts, all

11   within the Ninth Circuit, have considered different sets of

12   facts on whether allowing an interlocutory appeal to proceed

13   earlier than a trial on remaining claims makes sense where

14   there is some overlapping facts and some overlapping law.

15         This -- in contrast to some of the cases cited by

16   defendants, I think this is a complex case where very

17   threshold contested issues have been decided that impact the

18   litigation.  And, you know, under some of the cases, courts

19   say, well, if this is a common theme throughout the entirety

20   of the litigation, why not just wait until the end,

21   adjudicate the remaining claims, go to trial on them and

22   then have one appeal.

23         In this circumstance, Your Honor, I would invite

24   the Court to note the Texaco Ninth Circuit case that was

25   cited in our brief that talks about -- it was a real estate

Veritext Legal Solutions
212-267-6868          www.veritext.com          516-608-2400

1    purchase contract case, breach of contract on both sides,

2    counterclaims and there was a 54(b) motion that was filed

3    and the court explained although the claims disposed of

4    require proof of the same facts on the remaining

5    counterclaims, the legal issues now appealed will streamline

6    the ensuing litigation.

7              And there is another case cited, U.S. Fidelity &

8    Guaranty Company v. Lee Investments.  It was an insurance

9    dispute between the insurer and an employer seeking

10   rescission of a worker's compensation policy.  And that

11   Ninth Circuit court explained due to the prior delay,

12   complexity and contentiousness of the litigation, in order

13   to avoid uncertainty and inconsistent verdicts, there's no

14   just reason for delay.  And both the Supreme Court and the

15   Ninth Circuit has noted that certification is proper even

16   when one or more claims have a presence of similar facts or

17   law when the case is complex and there is an important or

18   controlling legal issue that cuts across a number of the

19   claims.

20             And I would submit, Your Honor, that that's the

21   case here.  The issue of withdrawal liability is a threshold

22   issue.  I don't think that anybody can dispute that.  We've

23   all stipulated to that fact as a matter of practice in this

24   case.  And this decision will -- I think appealed now will

25   streamline the litigation in the sense that if the

1  bankruptcy court, if Your Honor, if the decision is

2  affirmed, then that narrows the issues remaining for trial.

3          If the bankruptcy court is reversed, it clarifies

4  what facts the trustee may rely upon not only on the

5  previously dismissed claims but also the remaining claims.

6  If we go to trial now on the remaining -- it's essentially

7  $4 million of fraudulent transfer claims and related legal

8  theories.  We get a judgment one way or the other.  The

9  trustee will likely appeal the breach of fiduciary duty

10  dismissal at the end of the case and then it just -- it

11  doesn't make sense, Your Honor.  I think appeal now is the

12  best strategy for deciding complex threshold issues,

13  streamlining litigation and avoiding piecemeal appeals.  And

14  I don't think Speyside's answer of letting the remaining

15  claims go to judgment against the trustee make sense.

16          In lieu of that, I suppose the alternative would

17  be to go to trial on the remaining claims.  And I just think

18  that in consideration of judicial economy, the importance of

19  these complex threshold legal issues, an appeal now is the

20  best way to streamline the litigation.

21          THE COURT:  Okay.  All right.

22          Mr. Toral?

23          MR. TORAL:  Thank you, Your Honor.  It will come

24  as no surprise that we disagree with Ms. Bagdanov's

25  arguments.  Our response makes clear that Rule 54(b)

1    certification is an extreme procedure to be applied

2    sparingly and only when an immediate appeal is clearly

3    superior to following the default order of events.

4         The trustee and Second Street do not dispute that,

5    as movants, they bear the burden of showing that there is a

6    compelling need for certification.  And all I have heard in

7    the oral argument and all that I have read in the papers is

8    plaintiffs believe it doesn't make sense.  But their

9    argument fails on its own terms.  Instead of carrying the

10   heavy burden of establishing that interlocutory appeal is

11   warranted, movants demonstrate that summary judgment should

12   enter against trustee's remaining claims.

13        You heard Ms. Bagdanov now.  She is basically

14   making an argument that our motion for summary judgment was

15   underinclusive.  She says that the withdrawal liability is a

16   threshold issue and can't be disputed across an array of the

17   claims.  They have demonstrated that summary judgment should

18   enter against trustee's remaining claims.  In reply, the

19   trustee doubles down, as you heard Ms. Bagdanov just now, on

20   the inability to prosecute her remaining claims now that the

21   Court has dismissed, with prejudice, the withdrawal

22   liability theory.

23        She says that as a result of the Court's dismissal

24   orders, quote, this is from the reply brief, "She cannot

25   effectively prosecute the remaining claims for relief."

Veritext Legal Solutions
212-267-6868                          www.veritext.com                       516-608-2400

1    That is an argument that our motion was underinclusive and

2    that all the claims should be dismissed.  If the trustee

3    maintains that she cannot proceed on any claims unless and

4    until the appellate panel reverses some part of this Court's

5    orders, the trial level proceedings on these claims are at

6    an end.  They are over.  By the trustee's own admission, the

7    Court should enter summary judgment against the remaining

8    claims.

9         An appeal could then immediately follow and, if

10   any claims are reinstated, those claims could be tried to

11   final judgment.  That result would be the most streamlined

12   outcome here and would take the trustee as the master of her

13   complaint at her word.  The Speyside defendants laid all of

14   this out in their response.  But the trustee did not join

15   issue on reply.

16        The Speyside defendants cited U.S. v. Grayson, a

17   Ninth Circuit decision that had the following quote in it:

18   "A district court may grant summary judgment if the losing

19   party has had a full and fair opportunity to ventilate the

20   issues involved in the motion."  Your Honor will recall the

21   sequence of this particular case.  You will recall that the

22   trustee filed a motion for summary adjudication.  I believe

23   it was in October of 2020.  That was denied based on Rule 57

24   -- excuse me, 56(f).

25        The judge will recall that we, the Speyside

Veritext Legal Solutions
212-267-6868                    www.veritext.com                    516-608-2400

1    defendants, filed the objection to the proof of claim of

2    Second Street and that was fully ventilated and that full

3    ventilation gave rise to the limited joinder by Second

4    Street and the cross-motions for summary judgment.  There

5    was significant briefing, significant oral argument, all

6    leading to the inexorable conclusion that there was a full

7    ventilation of these issues.  As such, the Court should not

8    grant 54(b) relief.

9             Instead the Court should take the trustee at her

10   word and enter summary judgment against all of the remaining

11   claims so that this case at the trial court level can come

12   to an end.  But if the Court is not willing to do that, not

13   willing to enter summary judgment now because the Speyside

14   defendants were underinclusive in bringing their motion for

15   summary judgment against the claims that have been -- that

16   were alleged by the trustee, Rule 54(b) certification still

17   should not issue.

18            54(b) certification should only issue upon

19   compelling need which movants -- which as movants, the

20   trustee and second Street bear the burden to show.  A

21   compelling need is required to avoid introducing the

22   piecemeal appeals that judicial economy abhors.  Movants

23   have no real explanation for why certification is necessary

24   now beyond what I think I've heard today is because Ms.

25   Bagdanov thinks it makes sense.  Instead their central

Veritext Legal Solutions
212-267-6868                    www.veritext.com                    516-608-2400

1    argument for certification cuts against them.  They

2    emphasize repeatedly in reply that what concerns then is

3    this supposed overlap of facts between the dismissed claims,

4    particularly concerning fiduciary duties, and the remaining

5    ones.

6            First, there's a fundamental problem with this

7    framing.  Most of this argument contends that because the

8    fiduciary duty claims were dismissed, at trial the trustee

9    might not be able to introduce any facts that could have

10   supported those claims even if said facts support the

11   trustee's remaining claims.  That is plainly wrong.  The

12   Court's orders dismissed the withdrawal liability theory.

13   But the other facts the trustee expresses concern about,

14   like the defendants allegedly disguising equity

15   contributions as debt, were not dismissed and may, subject

16   to relevance and other usual objections, be introduced at

17   trial.

18           Second, even if the trustee's factual concerns

19   were well-taken, that is an argument against certification,

20   not for it.  The Ninth Circuit advises that when the

21   dismissed claims and the remaining claims both rely on

22   overlapping or interlocking facts, Rule 54(b) certification

23   is inappropriate.  Permitting an interlocutory appeal in

24   such circumstances would necessarily duplicate the appellate

25   court's work.  The Court would have to review those

Veritext Legal Solutions
212-267-6868                    www.veritext.com                    516-608-2400

1  overlapping facts during the interlocutory appeal and then

2  again during the post-trial appeal.  That duplicated effort

3  is exactly what movants ask for here.  They envision that,

4  upon interlocutory appeal, the bankruptcy appellate panel

5  will review the facts supposedly underlying both the

6  fiduciary duty claims and the remaining sub-debt claims,

7  reinstate the fiduciary duty claims and then those claims

8  and the remaining claims may be tried and a post-trial

9  appeal will be taken up for a second time on the same facts.

10  That is the exact kind of redundancy that is anathema to

11  Rule 54(b).

12          As a final point, Your Honor, certification should

13  only issue if the movants demonstrate they would suffer

14  undue prejudice absent immediate appeal.  Once again their

15  arguments cut against the them.  The only prejudice argument

16  the trustee advances is that she cannot effectively go

17  forward on her remaining claims given the Court's orders.

18  That inability to proceed is not cause for immediate appeal;

19  rather, it is cause for dismissal of her remaining claims.

20  And with that, Your Honor, I'd he prepared to submit.

21          THE COURT:  All right.  Thank you, Mr. Toral.

22          Ms. Bagdanov?

23          MS. BAGDANOV:  Thank you, Your Honor.  Just a few

24  points.  The first thing, I'm a little confused case in the

25  conclusion of Mr. Toral's presentation, he's talking about

Veritext Legal Solutions
212-267-6868                    www.veritext.com                    516-608-2400

1    how the trustee can still use the facts, you know,

2    underlying the trustee's breach of fiduciary duty claim at a

3    subsequent trial regarding the -- let's just call it the

4    later distributions that are still alive, if you will, in

5    the complaint.  And I don't see how that's true.

6         Your Honor's dismissal of the breach of fiduciary

7    duty or judgment, summary judgment, on the breach of

8    fiduciary duty claim was not limited to a particular legal

9    theory.  Your Honor has clarified that it is a dismissal

10   with prejudice of the entire claim.  And the entire claim

11   encompasses -- and I think this is in our brief, so I don't

12   want to reiterate it over and over again.

13        But the breach of fiduciary duty claim encompassed

14   a number of factual theories, including the ones that

15   underlie the remaining claims.  And if that claim is

16   dismissed with prejudice, I don't see realistically how the

17   trustee can still go forward on facts that have been

18   dismissed with prejudice with respect to a legal claim.

19        Also, you know, Speyside claims that the trustee

20   stating that we cannot effectively prosecute the remaining

21   claims means that we should just have judgment entered

22   against the trustee.  And, you know, I've learned some

23   things watching my four-year-old daughter's preschool

24   programs, and one of them is Daniel Tiger.  And he says two

25   things can be true at the same time, and it's a lesson that

Veritext Legal Solutions
212-267-6868                                        www.veritext.com                                        516-608-2400

1    I think adults take for granted, but small kids have a hard

2    time learning that.  And the trustee will be admittedly

3    hamstrung at trial on the remaining claims without the

4    voluminous set of facts that we believe support the

5    subsequent -- not subsequent, the later fraudulent transfer

6    claims and related legal theories.

7                On the other hand, the trustee still wants to go

8    forward with trial, if that is what is going to happen.  And

9    within your discretion, either we go to trial now and see

10   what happens on the remaining claims or not.  But I don't

11   think that the sua sponte entry of summary judgment on the

12   remaining claims is appropriate because two things can be

13   true.  We can have a set of facts gone from the claim that

14   hamstrings the trustee's ability to go forward admittedly.

15   But she can also put on the case that she has and do her

16   best at the trial and go forward.  Your Honor --

17                THE COURT:  Right.  So that's --

18                MS. BAGDANOV:  Yeah.

19                THE COURT:  What I'm understanding is you may be

20   hamstrung based on the Court's ruling on the APA that there

21   was no assumption or indemnification on the part of the

22   Speyside with regard to the seller's withdrawal liability

23   and that may hamstring the trustee, so to speak.  But you're

24   not saying you can't effectively go forward and prosecute

25   the remaining claims, correct?

Veritext Legal Solutions
212-267-6868                    www.veritext.com                    516-608-2400

1          MS. BAGDANOV:  Yes, Your Honor.  And I don't want

2     that thrown in my face because I think our reply brief does

3     say that the trustee cannot effectively go forward.  And

4     maybe that was too strong.  I think that you're right, that

5     we still intend to prosecute them.  We may have one hand

6     behind our back and one eye closed, and that's okay.  But we

7     intend to go forward if that is what Your Honor decides.

8          The concern that I have is the potential effect of

9     the summary judgment decision on the trustee's ability to

10    present facts, not on the legal issue of withdrawal

11    liability, but all of these underlying facts that we alleged

12    supported the breach of fiduciary duty claim may be kicked

13    out of evidence at a trial on the remaining claims.  Maybe

14    they won't be.  But it's just something to note, Your Honor,

15    that the trustee feels that the universe of evidence has

16    been limited and so be it.

17          THE COURT:  Okay.  All right.  Is the matter

18    submitted?

19          MS. BAGDANOV:  Your Honor, I don't think so.  The

20    only thing has to do with the UHY component, and from my

21    perspective it's submitted.  But I didn't want Ms. Quadrozzi

22    to not get a chance.

23          THE COURT:  All right.

24          Ms. Quadrozzi, you have something you wish to add?

25          MS. QUADROZZI:  Your Honor, I think Mr. Toral ably

Veritext Legal Solutions
212-267-6868                        www.veritext.com                        516-608-2400

1    argued the same things that we would say.  The only issue

2    that we have is as it relates to Your Honor's comment at the

3    beginning of this hearing which is that you are taking a

4    look and issuing an opinion on UHY's motion for summary

5    judgment.

6              To some extent obviously that impacts the

7    trustee's motion in terms of trying to modify the order.

8    But it also may impact this particular motion, and so it's

9    the trustee's motion, so I guess it's her position to decide

10   how it would impact this.  But obviously depending on what

11   Your Honor's ruling is, that may be something that we will

12   seek leave to respond to at that time.

13             THE COURT:  Okay.  But you're prepared to submit

14   now at least on this record?

15             MS. QUADROZZI:  Yes, Your Honor.

16             THE COURT:  All right.

17             Mr. Toral?

18             MR. TORAL:  Yes, Your Honor.  Thank you.

19             THE COURT:  All right.  Very good.  All right.

20   Before the Court is the joint motion for certification of

21   partial final judgment -- excuse me.  Let me just say, Mr.

22   Lauter, do you wish to be heard?

23             MR. LAUTER:  Oh, Your Honor, we represent Second

24   Street Properties.  We're joint movants with Ms. Bagdanov's

25   clients in the motion for certification.  I'd just note that

Case: 19-04057   Doc# 283   Filed: 11/07/22   Entered: 11/07/22 13:24:05   Page 20 of
52

1    the existing summary judgment rulings, the memorandum

2    decision, disposes of the issues for which we intervened

3    entirely.  So the balance of the case that's remaining

4    doesn't concern Second Street.  We did, out of concern for

5    the flexible finality rule in bankruptcy, file a notice of

6    appeal.  And I'll just note, I think we put in declaration

7    about this, that the BAP in the appeal asked us to let them

8    know what you decide today, Your Honor --

9              THE COURT:  Right.

10             MR. LAUTER:  -- in connection with deciding

11   whether it's --

12             THE COURT:  I think that's --

13             MR. LAUTER:  Yeah.

14             THE COURT:  Okay.  Yeah.  I just wanted to give

15   you an opportunity there.  So thank you.

16             MR. LAUTER:  Sure.

17             THE COURT:  All right.  So the matter is

18   submitted.  All right.  This is the Court's ruling then.

19             Before the Court is the joint motion for

20   certification of partial final judgment under Rule 54(b) and

21   entry of a temporary stay filed by the trustee and Second

22   Street Properties, the "motion" and the "moving parties."

23   (Docket Numbers 252 to 253).

24             The motion is directed at the order granting UHY,

25   LLP's motion for summary judgment and the order granting

Veritext Legal Solutions
212-267-6868                    www.veritext.com                    516-608-2400

1    partial summary judgment for the Speyside defendants and

2    denying trustee's motion, collectively the "summary judgment

3    orders." (Dockets Number 235 and 247).

4            These orders were entered following the entry of

5    the memorandum decision on the cross-motions for summary

6    judgment by the Speyside defendants, the trustee and Second

7    Street.  (Docket Number 231).

8            The parties are familiar with the factual and

9    legal issues in this litigation and they will not be

10   described here in any detail.  First, very briefly, some

11   background.  The trustee's first amended complaint stated

12   multiple claims for relief against the Speyside defendants

13   and one claim for relief against UHY.  (Docket Number 70).

14           The parties agreed to file motions for summary

15   judgment directed primarily at two discrete issues.  (Docket

16   Number 162).

17           These issues were, one, whether the debtor,

18   Pacific Steel, agreed under the asset purchase agreement to

19   directly assume or indemnify Second Street for Second

20   Street's contingent withdrawal liability and, two, if

21   debtor, Pacific Steel, has this liability, what is its

22   amount for purposes of the trustee's claim against the

23   Speyside defendants.  The summary judgment motion directed

24   at the second issue has not been ruled on because the ruling

25   on the first issue renders the second issue moot.

1          Second Street has filed a proof of claim in the

2     Pacific Steel case in which it seeks some $34 million based

3     on its indemnification and assumption theories, according to

4     its interpretation of the asset purchase agreement.  The

5     Speyside defendants urged the trustee to object to this

6     claim, but she has declined to do so.  They contend the

7     trustee is using this proof of claim as "price support" for

8     her damage theories for several claims for relief in the

9     adversary proceeding.  Second Street was permitted to

10    intervene in the summary judgment process to join the

11    trustee in addressing the first issue only.  (Docket Number

12    163).

13          The Speyside defendants' motion for partial

14    summary judgment as to facts of liability was directed at

15    the 2nd, 7th, 8th, 9th, 11th and 14th claims for relief.

16    (Docket Number 176).

17          These claims allege fraudulent transfers, breach

18    of fiduciary duty and aiding and abetting breach of

19    fiduciary duty.  A core aspect or central allegation for the

20    viability of each of these claims was the contingent

21    withdrawal liability as that term is defined in the Court's

22    memorandum decision.  The memorandum decision explained why

23    the Court granted the Speyside defendants' motion and denied

24    the trustee and Second Street's motion.  (Docket Number

25    231).

Veritext Legal Solutions
212-267-6868                              www.veritext.com                          516-608-2400

1          In agreeing with the Speyside defendants'

2    interpretation of the asset purchase agreement, the decision

3    effectively eliminated the trustee's $34 million damage

4    theory.  The Court then entered its order dismissing these

5    claims with prejudice.  (Docket Number 247).

6          This ruling resolved "a significant portion of the

7    claims and a large measure of the damages" as the trustee

8    has described it.  (See Docket Number 253, at Page 3, Lines

9    5 through 7).

10          The UHY motion for summary judgment was directed

11    at the third claim for relief in which the trustee alleged

12    that, as Pacific Steel's auditor, UHY had aided and abetted

13    the Speyside defendants' breach of fiduciary duty.  (Docket

14    Number 148).

15          The Court dismissed the breach of fiduciary duty

16    claim against the Speyside defendants.  The claim against

17    UHY for aiding and abetting breach of fiduciary duty

18    necessarily failed.  (Docket Number 235, UHY's motion for

19    summary judgment order).

20          The remaining claims in the first amended

21    complaint are: the 4th, equitable subordination with

22    Speyside defendants' proof of claim; the 5th, avoidance of a

23    two-year intentional fraudulent transfers in $3.6 million;

24    the 6th, avoidance of a two-year constructive fraudulent

25    transfers of $3.6 million; the 10th, avoidance of a one-year

Veritext Legal Solutions
212-267-6868                    www.veritext.com                    516-608-2400

1    preferential transfer of $3.6 million; the 11th, recovery of

2    preferential avoided transfers; the 12th, recharacterization

3    of $3.95 million subordinated debt owed by Pacific Steel to

4    certain Speyside defendants as equity; the 13th,

5    disallowance of the Speyside defendants' $828,000 proof of

6    claim, collectively the "remaining claims".

7         The recovery sought by the trustee on the

8    remaining claims is roughly $4 million.  All discovery is

9    completed and the remaining claims are ready for a trial

10   date.  The Court is in a position to give the parties a

11   trial date in April of next year, depending on their

12   schedules.

13        The parties' arguments.  The trustee and Second

14   Street seek Rule 54(b) certification of the summary judgment

15   orders and a stay of the litigation on the remaining claims

16   so they may pursue an immediate appeal.  They begin with the

17   proposition that the summary judgment orders dispose of

18   certain claims and a certain party, but the Court must still

19   resolve the remaining claims.

20        They contend these orders should be treated as

21   final as the ultimate disposition of individual claims in a

22   multiple claim action and there is no just reason to delay

23   their appeal.  They claim it is more efficient for the Court

24   and the parties to allow them to pursue an immediate appeal

25   while litigation of the remaining claims is stayed.  They

Veritext Legal Solutions
212-267-6868                              www.veritext.com                              516-608-2400

1    also contend that the Court's ruling on the contingent

2    withdrawal liability issue is a "threshold issue" that

3    "impacts the entirety" of this litigation and "all aspects"

4    of it.  (Docket Number 253, at Page 5, Lines 1 and 2, Page

5    8, Lines 13 through 15).

6            The Speyside defendants and UHY argue that

7    certification is not appropriate for several reasons.  The

8    Speyside defendants point out that if the Court accepts the

9    trustee's proposition that the continent withdrawal

10   liability permeates all aspects of this litigation, as she

11   has stated, the efficient course would be to dismiss the

12   remaining claims, paving the way for the trustee to pursue

13   an appeal covering the entire case.  (Docket Number 272,

14   Speyside's opposition).

15           The Speyside defendants also argue that the

16   contingent withdrawal liability issue does not in fact

17   permeate or infect the remaining claims.  This contingent

18   withdrawal liability issue does not control whether the

19   defendants' subordinated debt should be recharacterize das

20   equity or whether debtor's payment on the subordinated debt

21   should be avoided as preferential or fraudulent transfers or

22   whether the Speyside defendants' proof of claim should be

23   disallowed.  (Docket Number 261, defendants' status

24   conference statement, and Docket Number 272, defendants'

25   opposition).

Veritext Legal Solutions
212-267-6868                                www.veritext.com                         516-608-2400

1          In addition, Speyside defendants argue that the

2     trustee and Second Street fail to make a case that there is

3     "no just reason for delay" for their appeal which Rule 54(b)

4     requires them to establish.  They also point out the serious

5     risk of piecemeal appeals that would follow with

6     certification of these orders.  (See description in their

7     status conference statement at 261 and UHY's description in

8     its opposition at Docket Number 270).

9          Second, with this summary in mind, the Court turns

10    to the analysis of how to apply Rule 54(b) to this case.  In

11    general appellate courts only have jurisdiction to hear

12    appeals from final orders.  28 USC Section 1291.

13         And in general orders granting partial summary

14    judgment such as those here are not final orders.  See Cheng

15    v. CIR, 878 F.2d 306, at 310 (9th Cir. 1989).

16         Rule 54(b), applicable here by Bankruptcy Rule

17    7054, provides an exception.  It says when an action

18    presents more than one claim for relief or when multiple

19    parties are involved, the Court may direct entry of a final

20    judgment as to one or more but fewer than all claims or

21    parties only if the Court expressly determines that there is

22    no just reason for delay.  Rule 54(b) provides a device for

23    parties to seek interlocutory review of orders that are not

24    truly final because they do not dispose of all of the claims

25    in a suit.  This is our situation.

Veritext Legal Solutions
212-267-6868                          www.veritext.com                          516-608-2400

1       It is well-established that the Court is to engage

2  in a two-step process for a Rule 54(b) determination.  See

3  Curtiss-Wright Corporation v. General Electric Company, 446

4  U.S. 1, at 7 (1980), following Sears, Roebuck v. Mackey, 351

5  U.S. 427, 436 (1956), defining final judgment for this

6  context.

7       First, is there a final judgment?  It must be a

8  judgment in the sense that it is a decision upon a

9  cognizable claim for relief and it must be final in the

10  sense that it is the ultimate disposition of an individual

11  claim entered in the course of multiple claims' action.  The

12  summary judgment orders are final in this sense.  They

13  dispose of the claim described previously and they dispose

14  of UHY as a party.  But the remaining claims are left to be

15  resolved between the trustee and the Speyside defendants.

16       Second, the Court must determine whether there is

17  no just reason for delaying an appeal because not all final

18  judgments on individual claims should be immediately

19  appealable, even if they are in some sense separable from

20  the remaining unresolved claims.

21       Here, the Court is to consider, one, the

22  interrelationship of the certified claims and the remaining

23  claims in light of the policy against piecemeal review and,

24  two, equitable factors such as prejudice and delay.  See

25  Curtiss-Wright, Pages 8-10.  See also Wood v. GCC Bend, LLC,

1    422 F.3d 873, at 879 (9th Cir. 2005).

2              Noting that sound judicial administration does not

3    require that Rule 54(b) certification requests be granted

4    routinely and absent a seriously important reasons, both the

5    spirit of Rule 1 and the interest of judicial administration

6    counsel against certifying claims or related issues in

7    remaining claims that are based on interlocking facts.  See

8    Tsyn v. Wells Fargo Advisors, LLC, 216 Westlaw 7635883,

9    Footnote 2 (N.D. Cal. June 27, 2016), JH Kelly LLC v. AECOM

10   Tech, Inc., 221 Westlaw 5712158, Footnote 2 (N.D. Cal.

11   December 2, 2021), certification denied with factual issues

12   on appeal similar to those in the remaining claims.

13             The burden is on the moving parties to demonstrate

14   that the case warrants Rule 54(b) certification.

15   Certification is not to be granted routinely, only when

16   there is a showing of pressing need for an immediate appeal.

17             As one court broadly described it, the main

18   concern will normally be to adopt the approach that most

19   efficiently disposes of the lawsuit.  See Tsyn v. Wells

20   Fargo Advisors, 216 Westlaw 7635883, Footnote 4 (N.D. Cal.

21   2016).

22             The trustee and Second Street take the position

23   that there is no just reason for delay and it is efficient

24   to let them pursue an appeal now.  They do not elaborate on

25   this point and they do not articulate any prejudice to them

Veritext Legal Solutions
212-267-6868                        www.veritext.com                        516-608-2400

1    if they are not allowed to appeal immediately nor do they

2    discuss the potential for piecemeal appeals that may result

3    from certification.  Their position on the relationship

4    between the dismissed claims and the remaining claims is

5    somewhat baffling.  They describe the contingent withdrawal

6    liability issue as threshold issue but do not explain why

7    they think it impacts the remaining claims.

8           The Ninth Circuit's decision in Continental

9    Airlines v. Goodyear, 819 F.2d 1519 (1987), is instructive.

10   In Continental, partial summary judgment was granted based

11   on exculpatory clauses in the contract.  But this ruling did

12   not eliminate any parties and, unlike our case, left open a

13   chance of full recovery for plaintiffs on other theories.

14   However Rule 54(b) certification was proper because it

15   carved out threshold issues and streamlined the litigation

16   and the claims were seen as sufficiently severable factually

17   and legally.

18          This case is similar to Continental in that

19   partial summary judgment has been granted based on this

20   Court's interpretation of the asset purchase agreement which

21   eliminates certain theories of recovery and a large measure

22   of damages sought by the trustee.

23          But this case differs from Continental in that

24   certification will not streamline the litigation of the

25   remaining claims because it imposes a real risk of causing

Case: 19-04057   Doc# 283   Filed: 11/07/22   Entered: 11/07/22 13:24:05   Page 30 of
52

1   delay rather than ameliorating it.  And unlike the party who

2   sought certification in Continental, the trustee has taken

3   the position that the contingent withdrawal liability issue

4   is not severable.  She describes it as impacting all aspects

5   of the litigation.

6           The Court acknowledges that the claims to be

7   appealed do not have to be separate from and independent

8   from the remaining claims if granting certification will

9   streamline what is left to be litigated.  Bu severability of

10  issues, both factual and legal, does weigh in favor of

11  certification if it ensures that an appellate court will not

12  have to revisit the same issues multiple times.

13          A review of the first amended complaint reminds us

14  that there is one section entitled "Facts Applicable to All

15  Claims for Relief."  (See Paragraphs 45-115, Docket Number

16  70).

17          The statement of facts covers the entire history

18  of Second Street's Chapter 11 case, its sale of adaptive to

19  Pacific Steel, Pacific Steel's operations from its inception

20  to its Chapter 7 filing.  Here the dismissed claims all

21  depend upon the trustee's interpretation of the asset

22  purchase agreement.  The remaining claims do not directly

23  depend on the interpretation of the asset purchase

24  agreement.  In that sense, they are severable.  However this

25  plausible separation is distinctly outweighed by the facts

Veritext Legal Solutions
212-267-6868                          www.veritext.com                          516-608-2400

1   in the complaint allege the same facts applied to each claim

2   and there is no clear prejudice to the trustee or Second

3   Street in completing the litigation in this Court and there

4   is apparent prejudice to the defendants in having to

5   prosecute an immediate appeal.

6           An immediate appeal is also an inefficient use of

7   the appellate court's resources and the attorneys' and the

8   parties' resources.  This is especially true in light of the

9   fact that this Court will be able to try the remaining

10  claims within a matter of months which will make it possible

11  for one appeal of the entire litigation.  Focusing on

12  efficient judicial administration, certification seems

13  unwise and unwarranted.

14          Focusing on the equities of granting

15  certification, certification also seems unwarranted.  There

16  is no apparent prejudice to including the litigation here

17  and certification will only delay completing the litigation

18  and has the potential to add unnecessary delays and

19  complications.  This is not an unusual case where the cost

20  of overcrowding an appellate docket is outbalanced by the

21  pressing needs of the litigants, and accordingly the motion

22  is denied.

23          With that being said, my suggestion is that I

24  would continue for a further status conference in January.

25  As you all are aware, I'm retiring January 31st of next

Veritext Legal Solutions
212-267-6868                    www.veritext.com                    516-608-2400

1   year.  I've been advised by our chief judge that my cases

2   are being divided between the two Oakland judges by even/odd

3   numbers, and Judge Lafferty will be designated to take over

4   this litigation.

5          And Mr. Toral, if you're not aware, which I think

6   you are, Judge Lafferty did handle a mediation between the

7   union and Second Street.  So if parties believe that's a

8   conflict, they may want to discuss that.  If not, Judge

9   Lafferty has advised me that he'd be prepared to try this

10  case in April, and in the event that the parties or Judge

11  Lafferty believe that's a conflict that can't be overcome,

12  Judge Novack has advised me that he will be prepared to try

13  this case in the spring as well.

14         So does it make sense to give you a continued

15  status conference date, and I would also trail the

16  creditors' objections to that status conference date?  And I

17  would -- I could suggest giving you the -- I can either do

18  it late in the month or I could do it on the -- I could

19  either to the 12th or the 26th of January.

20         MS. BAGDANOV:  Your Honor, from the trustee,

21  honestly I don't think I have a preference.  So if other

22  parties have conflicts.

23         THE COURT:  Okay.

24         MR. TORAL:  Your Honor, the 12th or the 26th, I am

25  agnostic as well and available.

Veritext Legal Solutions
212-267-6868                    www.veritext.com                    516-608-2400

1          THE COURT:  Okay.  All right.  Then what I will do

2     is I will put this over for a further status conference on

3     both matters to the January 26th date, and that will be at

4     11 o'clock.  The Court hopes to get its final decision out

5     in the near future on the UHY matter, and if counsel wants

6     to revise the motion that I've taken off calendar with

7     regard to UHY, the Court's decision on that, that can be re-

8     noticed if after reviewing the Court's decision on the

9     motion for summary judgment filed by UHY.  Do the parties

10    have anything else they wish to add?

11         MS. BAGDANOV:  Your Honor, would you care for a

12    status report before January 26th?  I don't know what I

13    would say in it.  But --

14         THE COURT:  I think maybe the thing would be just

15    to discuss how long you think the trial is going to go.

16         MS. BAGDANOV:  Sure.

17         THE COURT:  I think Mr. Toral has indicated

18    somewhere between three to five days, the number of

19    witnesses, documents, the timing I think would be the only

20    thing that I would really need.

21         MS. BAGDANOV:  You got it.

22         THE COURT:  And then also if the parties would

23    discuss that if they think that Judge Lafferty would have a

24    conflict because he handled this mediation between the union

25    and Second Street, address that issue because if that's the

1    case, it would be better to have the matter assigned then to

2    our chief judge, which that will now be -- he'll be retired

3    -- the chief judge -- Judge Novack would take over that.

4                    MS. BAGDANOV:  Okay.

5                    THE COURT:  Okay.

6                    MR. TORAL:  Your Honor, just briefly with respect

7    to the disclosure of the mediation between the union and

8    Second Street, I was not aware of that.  So I have no

9    knowledge about it.  I'm going to have to investigate.  But

10   once I find out what the facts are best I can, I'm happy to

11   meet and confer with Ms. Bagdanov about that issue.

12                   THE COURT:  Okay.  Very good.

13                   MR. LAUTER:  Your Honor, there was a mediation.

14   So there's no like public briefing or anything about it.

15   But I participated and I can tell you -- I'm not saying what

16   folks -- what position folks should take.  I'm just

17   explaining it.

18                   The union in the Berkeley Properties bankruptcy

19   case argued that certain cash that the Berkeley -- that

20   Berkeley Properties had as the debtor was the proceeds of

21   rents from the property and therefore was covered by the

22   deed of trust.  It was like they were arguing that they had

23   a secured lien on all of our cash because it was rents and

24   we said it wasn't rents.  And so we went to a mediation in

25   January of 2021, I think it was.  And it didn't settle.

Veritext Legal Solutions
212-267-6868                    www.veritext.com                    516-608-2400

1           MR. TORAL:  Understood.

2           THE COURT:  So I just wanted to bring that to your

3    attention, Mr. Toral, and other counsel may not have been

4    aware of that.  And again, I'm not looking for a resolution

5    before I leave the bench.  But it's just something I wanted

6    to bring to your attention so that if that is going to

7    affect which judge may end up having these proceedings

8    assigned to, again, I don't want to cause any delay.  I

9    wanted to alert everybody to that, okay?

10          MS. BAGDANOV:  Thank you, Your Honor.  When would

11   you like the status report?  Two weeks before?

12          THE COURT:  That would be sufficient.

13          MS. BAGDANOV:  Yes, Your Honor.

14          THE COURT:  All right.  Anything else?

15          MS. QUADROZZI:  No, Your Honor.

16          MS. BAGDANOV:  Thank you, Your Honor.

17          MR. LAUTER:  No, Your Honor.

18          MR. TORAL:  No, Your Honor.

19          THE COURT:  All right.  Very good.  Then we are

20   adjourned today.  Thank you.

21          MR. TORAL:  Thank you.

22          MS. BAGDANOV:  Thank you.

23          MR. LAUTER:  Thank you.

24          (Whereupon these proceedings were concluded at

25   2:59 PM)

1                        I N D E X

2

3                         RULINGS

4                                          Page       Line

5    Joint Motion for Certification of

6    Partial Final Judgment and Entry of

7    Temporary Stay filed by Sarah Little

8    filed by Defendant UHY, LLP, a New York

9    limited liability partnership [252]        32          22

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Veritext Legal Solutions
212-267-6868                    www.veritext.com                    516-608-2400

1             C E R T I F I C A T I O N

2

3        I, Benjamin Graham, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6

7

8    Benjamin Graham, CET #1394

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  November 7, 2022

Veritext Legal Solutions
212-267-6868                    www.veritext.com                    516-608-2400

| & |
|---|
| **&** 5:10,18 7:14 10:7 |

| 1 |
|---|
| **1** 26:4 28:4 29:5 |
| **10th** 24:25 |
| **11** 31:18 34:4 |
| **11501** 38:23 |
| **11th** 23:15 25:1 |
| **12151** 38:7 |
| **125** 5:13 |
| **1291** 27:12 |
| **12th** 25:2 33:19 33:24 |
| **13** 26:5 |
| **1300** 1:20 |
| **1394** 4:25 38:8 |
| **13th** 25:4 |
| **148** 24:14 |
| **14th** 23:15 |
| **15** 26:5 |
| **1519** 30:9 |
| **162** 22:16 |
| **163** 23:12 |
| **176** 23:16 |
| **19-04057** 1:4 7:4 |
| **19-40193** 7:5 |
| **1956** 28:5 |
| **1980** 28:4 |
| **1987** 30:9 |
| **1989** 27:15 |
| **1:33** 1:24 |

| 2 |
|---|
| **2** 4:2 26:4 29:9 29:10,11 |
| **2005** 29:1 |
| **2011** 3:20,20 |
| **2016** 29:9,21 |
| **2020** 13:23 |
| **2021** 29:11 35:25 |
| **2022** 1:23 38:25 |
| **216** 29:8,20 |
| **21650** 5:5 |
| **22** 37:9 |
| **221** 29:10 |
| **231** 22:7 23:25 |
| **235** 22:3 24:18 |
| **242** 3:2 |
| **247** 22:3 24:5 |
| **248** 3:5 |
| **252** 3:10 21:23 37:9 |
| **253** 21:23 24:8 26:4 |
| **261** 26:23 27:7 |
| **26th** 33:19,24 34:3,12 |
| **27** 1:23 29:9 |
| **270** 3:13 27:8 |
| **272** 3:20 26:13 26:24 |
| **27725** 5:12 |
| **28** 27:12 |
| **2:59** 36:25 |
| **2nd** 23:15 |

| 3 |
|---|
| **3** 24:8 |
| **3.6** 24:23,25 25:1 |
| **3.95** 25:3 |
| **300** 1:20 38:22 |
| **306** 27:15 |
| **310** 27:15 |
| **31st** 32:25 |
| **32** 37:9 |

| 330 | 38:21 |
|---|---|
| **3300** | 5:20 |
| **34** | 23:2 24:3 |
| **351** | 28:4 |

| 4 |
|---|
| **4** 11:7 25:8 29:20 |
| **40193** 1:3 |
| **422** 29:1 |
| **427** 28:5 |
| **436** 28:5 |
| **446** 28:3 |
| **45-115** 31:15 |
| **48334** 5:14 |
| **4:19** 1:3 |
| **4th** 24:21 |

| 5 |
|---|
| **5** 24:9 26:4 |
| **500** 5:5 |
| **515** 5:20 |
| **54** 10:2 11:25 14:8,16,18 15:22 16:11 21:20 25:14 27:3,10,16,22 28:2 29:3,14 30:14 |
| **56** 13:24 |
| **57** 13:23 |
| **5712158** 29:10 |
| **5th** 24:22 |

| 6 |
|---|
| **67** 4:3 |
| **6th** 24:24 |

| 7 |
|---|
| **7** 1:12 5:4 7:7,22 24:9 28:4 31:20 38:25 |

| 70 | 22:13 31:16 |
|---|---|
| **7054** | 27:17 |
| **7635883** | 29:8,20 |
| **7th** | 23:15 |

| 8 |
|---|
| **8** 26:5 |
| **8-10** 28:25 |
| **819** 30:9 |
| **828,000** 25:5 |
| **873** 29:1 |
| **878** 27:15 |
| **879** 29:1 |
| **8th** 23:15 |

| 9 |
|---|
| **90071-2246** 5:21 |
| **91367** 5:6 |
| **94111** 6:6 |
| **94612** 1:21 |
| **9th** 23:15 27:15 29:1 |

| a |
|---|
| **abetted** 24:12 |
| **abetting** 23:18 24:17 |
| **abhors** 14:22 |
| **ability** 18:14 19:9 |
| **able** 15:9 32:9 |
| **ably** 19:25 |
| **absent** 16:14 29:4 |
| **acceptable** 8:10 8:14,15 |
| **accepts** 26:8 |
| **accurate** 38:4 |
| **acknowledges** 31:6 |
| **action** 25:22 27:17 28:11 |

Case: 19-04057 Doc# 283 Filed: 11/07/22 Entered: 11/07/22 13:24:05 Page 39 of 52

**adaptive** 31:18
**add** 19:24 32:18
  34:10
**addition** 27:1
**address** 34:25
**addressing**
  23:11
**adjourned**
  36:20
**adjudicate** 9:21
**adjudication**
  13:22
**administration**
  29:2,5 32:12
**admission** 13:6
**admittedly** 18:2
  18:14
**adopt** 29:18
**adults** 18:1
**adv** 1:4
**advances** 16:16
**adversary** 23:9
**advised** 33:1,9
  33:12
**advises** 15:20
**advisors** 29:8,20
**aecom** 29:9
**affect** 36:7
**affirmed** 11:2
**agnostic** 33:25
**agreed** 22:14,18
**agreeing** 24:1
**agreement**
  22:18 23:4 24:2
  30:20 31:22,24
**aided** 24:12
**aiding** 23:18
  24:17
**airlines** 30:9

**al** 1:16
**alcast** 3:16
**alert** 36:9
**alive** 17:4
**allegation** 23:19
**allege** 23:17
  32:1
**alleged** 14:16
  19:11 24:11
**allegedly** 15:14
**allow** 25:24
**allowed** 30:1
**allowing** 9:12
**alternative**
  11:16
**ameliorating**
  31:1
**amended** 22:11
  24:20 31:13
**amount** 22:22
**analysis** 27:10
**anathema** 16:10
**angeles** 5:21
**answer** 11:14
**anybody** 10:22
**apa** 18:20
**apparent** 32:4
  32:16
**appeal** 9:12,22
  11:9,11,19 12:2
  12:10 13:9
  15:23 16:1,2,4,9
  16:14,18 21:6,7
  25:16,23,24
  26:13 27:3
  28:17 29:12,16
  29:24 30:1 32:5
  32:6,11
**appealable**
  28:19

**appealed** 10:5
  10:24 31:7
**appeals** 11:13
  14:22 27:5,12
  30:2
**appearances**
  7:21
**appellate** 13:4
  15:24 16:4
  27:11 31:11
  32:7,20
**applicable** 27:16
  31:14
**applied** 12:1
  32:1
**apply** 27:10
**approach** 29:18
**appropriate** 8:6
  18:12 26:7
**april** 25:11
  33:10
**argue** 26:6,15
  27:1
**argued** 20:1
  35:19
**arguing** 35:22
**argument** 12:7,9
  12:14 13:1 14:5
  15:1,7,19 16:15
**arguments**
  11:25 16:15
  25:13
**array** 12:16
**articulate** 29:25
**asked** 21:7
**aspect** 23:19
**aspects** 26:3,10
  31:4
**asset** 22:18 23:4
  24:2 30:20

  31:21,23
**assigned** 35:1
  36:8
**assume** 22:19
**assumption**
  18:21 23:3
**attention** 36:3,6
**attorney** 5:4,11
  5:19 6:4
**attorneys** 32:7
**auditor** 24:12
**available** 33:25
**avoid** 10:13
  14:21
**avoidance** 24:22
  24:24,25
**avoided** 25:2
  26:21
**avoiding** 11:13
**aware** 32:25
  33:5 35:8 36:4

**b**

**b** 2:1 8:17 10:2
  11:25 14:8,16
  14:18 15:22
  16:11 21:20
  25:14 27:3,10
  27:16,22 28:2
  29:3,14 30:14
**back** 19:6
**background**
  22:11
**baffling** 30:5
**bagdanov** 5:8
  7:6,7 8:10,22,25
  12:13,19 14:25
  16:22,23 18:18
  19:1,19 33:20
  34:11,16,21

Case: 19-04057    Doc# 283    Filed: 11/07/22    Entered: 11/07/22 13:24:05    Page 40 of 52

35:4,11 36:10
36:13,16,22
**bagdanov's**
11:24 20:24
**balance** 21:3
**bankruptcy** 1:1
1:19 2:3 11:1,3
16:4 21:5 27:16
35:18
**bap** 21:7
**based** 13:23
18:20 23:2 29:7
30:10,19
**basically** 12:13
**bear** 12:5 14:20
**beginning** 20:3
**behalf** 7:7,11
**believe** 12:8
13:22 18:4 33:7
33:11
**bench** 36:5
**bend** 28:25
**benjamin** 4:25
38:3,8
**berkeley** 35:18
35:19,20
**best** 11:12,20
18:16 35:10
**better** 35:1
**beyond** 14:24
**bg** 5:3
**bk** 1:3
**block** 5:18 7:14
**boulevard** 5:13
**breach** 10:1
11:9 17:2,6,7,13
19:12 23:17,18
24:13,15,17
**brian** 3:18

**brief** 9:25 12:24
17:11 19:2
**briefing** 14:5
35:14
**briefly** 22:10
35:6
**bring** 36:2,6
**bringing** 14:14
**broadly** 29:17
**bu** 31:9
**burden** 12:5,10
14:20 29:13

**c**

**c** 3:20 5:1,23 6:1
7:1 38:1,1
**ca** 1:21 5:6,21
6:6
**cal** 29:9,10,20
**calendar** 7:3 8:6
34:6
**california** 1:2
**call** 17:3
**calling** 7:3
**care** 34:11
**carrying** 12:9
**carved** 30:15
**case** 1:3,4 7:4,5
9:10,16,24 10:1
10:7,17,21,24
11:10 13:21
14:11 16:24
18:15 21:3 23:2
26:13 27:2,10
29:14 30:12,18
30:23 31:18
32:19 33:10,13
35:1,19
**cases** 9:15,18
33:1

**cash** 35:19,23
**casting** 1:8 7:4
**cause** 16:18,19
36:8
**causing** 30:25
**center** 5:12 6:5
**central** 1:2
14:25 23:19
**certain** 25:4,18
25:18 30:21
35:19
**certification** 3:7
8:18 10:15 12:1
12:6 14:16,18
14:23 15:1,19
15:22 16:12
20:20,25 21:20
25:14 26:7 27:6
29:3,11,14,15
30:3,14,24 31:2
31:8,11 32:12
32:15,15,17
37:5
**certified** 28:22
38:3
**certifying** 29:6
**cet** 4:25 38:8
**chance** 19:22
30:13
**chapter** 1:12 5:4
7:7,22 31:18,20
**cheng** 27:14
**chief** 33:1 35:2,3
**cir** 27:15,15
29:1
**circuit** 9:11,24
10:11,15 13:17
15:20
**circuit's** 30:8

**circumstance**
9:23
**circumstances**
15:24
**cited** 9:15,25
10:7 13:16
**claim** 4:2 14:1
17:2,8,10,10,13
17:15,18 18:13
19:12 22:13,22
23:1,6,7 24:11
24:16,16,22
25:6,22,23
26:22 27:18
28:9,11,13 32:1
**claimant** 4:2
**claims** 9:13,21
10:3,16,19 11:5
11:5,7,15,17
12:12,17,18,20
12:25 13:2,3,5,8
13:10,10 14:11
14:15 15:3,8,10
15:11,21,21
16:6,6,7,7,8,17
16:19 17:15,19
17:21 18:3,6,10
18:12,25 19:13
22:12 23:8,15
23:17,20 24:5,7
24:20 25:6,8,9
25:15,18,19,21
25:25 26:12,17
27:20,24 28:11
28:14,18,20,22
28:23 29:6,7,12
30:4,4,7,16,25
31:6,8,15,20,22
32:10

Veritext Legal Solutions
212-267-6868                www.veritext.com                516-608-2400

clarified 17:9
clarifies 11:3
clauses 30:11
clay 1:20
clear 11:25 32:2
clearly 12:2
clients 20:25
closed 19:6
cognizable 28:9
collectively 22:2
25:6
come 11:23
14:11
comment 20:2
common 9:19
company 1:8,16
3:16 7:4 10:8
28:3
compelling 12:6
14:19,21
compensation
10:10
complaint 13:13
17:5 22:11
24:21 31:13
32:1
completed 25:9
completing 32:3
32:17
complex 9:16
10:17 11:12,19
complexity
10:12
complicated 9:2
complications
32:19
component
19:20
concern 15:13
19:8 21:4,4

29:18
concerning 15:4
concerns 15:2
15:18
concluded 36:24
conclusion 14:6
16:25
confer 35:11
conference 3:22
4:1 26:24 27:7
32:24 33:15,16
34:2
conflict 33:8,11
34:24
conflicts 33:22
confused 16:24
connection
21:10
consider 28:21
consideration
11:18
considered 9:11
constructive
24:24
contend 23:6
25:20 26:1
contends 15:7
contentiousness
10:12
contested 9:17
context 28:6
continent 26:9
continental 30:8
30:10,18,23
31:2
contingent
22:20 23:20
26:1,16,17 30:5
31:3

continue 32:24
continued 33:14
contract 10:1,1
30:11
contrast 9:15
contributions
15:15
control 26:18
controlling
10:18
core 23:19
corporate 5:12
corporation
28:3
correct 18:25
cost 32:19
counsel 8:8 29:6
34:5 36:3
counterclaims
10:2,5
country 38:21
course 26:11
28:11
court 1:1,19 7:2
7:8,9,12,16,19
7:21,23 8:2,3,12
8:16,24 9:2,24
10:3,11,14 11:1
11:3,21 12:21
13:7,18 14:7,9
14:11,12 15:25
16:21 18:17,19
19:17,23 20:13
20:16,19,20
21:9,12,14,17
21:19 23:23
24:4,15 25:10
25:18,23 26:8
27:9,19,21 28:1
28:16,21 29:17

31:6,11 32:3,9
33:23 34:1,4,14
34:17,22 35:5
35:12 36:2,12
36:14,19
court's 12:23
13:4 15:12,25
16:17 18:20
21:18 23:21
26:1 30:20 32:7
34:7,8
courts 9:10,18
27:11
covered 35:21
covering 26:13
covers 31:17
creditor's 4:1
creditors 33:16
cross 14:4 22:5
curtiss 28:3,25
cut 16:15
cuts 10:18 15:1

**d**

d 7:1 37:1
damage 23:8
24:3
damages 24:7
30:22
daniel 17:24
das 26:19
date 25:10,11
33:15,16 34:3
38:25
daugherty 3:19
daughter's
17:23
days 34:18
debt 15:15 16:6
25:3 26:19,20

Case: 19-04057 Doc# 283 Filed: 11/07/22 Entered: 11/07/22 13:24:05 Page 42 of
52

**debtor** 1:10 22:17,21 35:20
**debtor's** 26:20
**december** 29:11
**decide** 20:9 21:8
**decided** 9:17
**decides** 19:7
**deciding** 11:12 21:10
**decision** 8:4 9:3 10:24 11:1 13:17 19:9 21:2 22:5 23:22,22 24:2 28:8 30:8 34:4,7,8
**declaration** 21:6
**declined** 23:6
**deed** 35:22
**default** 12:3
**defendant** 3:4,9 3:12 8:19 37:8
**defendant's** 3:4 3:12 8:20
**defendants** 1:17 3:15,15 5:19 7:15 9:16 13:13 13:16 14:1,14 15:14 22:1,6,12 22:23 23:5,13 23:23 24:1,13 24:16,22 25:4,5 26:6,8,15,19,22 26:23,24 27:1 28:15 32:4
**defined** 23:21
**defining** 28:5
**delaware** 1:15
**delay** 10:11,14 25:22 27:3,22 28:24 29:23

31:1 32:17 36:8
**delaying** 28:17
**delays** 32:18
**demonstrate** 12:11 16:13 29:13
**demonstrated** 12:17
**denied** 13:23 23:23 29:11 32:22
**denying** 22:2
**depend** 31:21,23
**depending** 20:10 25:11
**describe** 30:5
**described** 22:10 24:8 28:13 29:17
**describes** 31:4
**description** 27:6 27:7
**designated** 33:3
**detail** 22:10
**determination** 28:2
**determine** 28:16
**determines** 27:21
**device** 27:22
**different** 9:3,10 9:11
**differs** 30:23
**direct** 27:19
**directed** 21:24 22:15,23 23:14 24:10
**directly** 22:19 31:22

**disagree** 11:24
**disallowance** 25:5
**disallowed** 26:23
**disclosure** 35:7
**discovery** 25:8
**discrete** 22:15
**discretion** 9:7 18:9
**discuss** 30:2 33:8 34:15,23
**disguising** 15:14
**dismiss** 26:11
**dismissal** 11:10 12:23 16:19 17:6,9
**dismissed** 11:5 12:21 13:2 15:3 15:8,12,15,21 17:16,18 24:15 30:4 31:20
**dismissing** 24:4
**dispose** 25:17 27:24 28:13,13
**disposed** 10:3
**disposes** 21:2 29:19
**disposition** 25:21 28:10
**dispute** 10:9,22 12:4
**disputed** 12:16
**distinctly** 31:25
**distributions** 17:4
**district** 1:2 13:18
**divided** 33:2

**division** 1:2
**docket** 21:23 22:7,13,15 23:11,16,24 24:5,8,13,18 26:4,13,23,24 27:8 31:15 32:20
**dockets** 22:3
**documents** 34:19
**don't** 10:22 11:14 17:5,11 17:16 18:10 19:1,19 33:21 34:12 36:8
**doubles** 12:19
**due** 10:11
**duplicate** 15:24
**duplicated** 16:2
**duties** 15:4
**duty** 11:9 15:8 16:6,7 17:2,7,8 17:13 19:12 23:18,19 24:13 24:15,17

| e |
| --- |

**e** 2:1,1 5:1,1 6:1 6:1 7:1,1 37:1 38:1
**earlier** 9:13
**economy** 11:18 14:22
**ecro** 2:5
**effect** 19:8
**effectively** 12:25 16:16 17:20 18:24 19:3 24:3

Case: 19-04057     Doc# 283     Filed: 11/07/22     Entered: 11/07/22 13:24:05     Page 43 of 52

**efficient** 25:23 26:11 29:23 32:12
**efficiently** 29:19
**effort** 16:2
**efremsky** 2:2
**either** 18:9 33:17,19
**elaborate** 29:24
**electric** 28:3
**eliminate** 30:12
**eliminated** 24:3
**eliminates** 30:21
**embarcadero** 6:5
**emphasize** 15:2
**employer** 10:9
**encompassed** 17:13
**encompasses** 17:11
**engage** 28:1
**ensuing** 10:6
**ensures** 31:11
**enter** 12:12,18 13:7 14:10,13
**entered** 17:21 22:4 24:4 28:11
**entire** 17:10,10 26:13 31:17 32:11
**entirely** 21:3
**entirety** 9:19 26:3
**entitled** 31:14
**entry** 3:8 8:18 18:11 21:21 22:4 27:19 37:6
**envision** 16:3

**equitable** 24:21 28:24
**equities** 32:14
**equity** 3:18 15:14 25:4 26:20
**eric** 3:17
**especially** 32:8
**esq** 5:8,16,23 6:12
**essentially** 11:6
**establish** 27:4
**established** 28:1
**establishing** 12:10
**estate** 9:25
**et** 1:16
**event** 33:10
**events** 12:3
**everybody** 36:9
**evidence** 19:13 19:15
**exact** 16:10
**exactly** 16:3
**exception** 27:17
**exculpatory** 30:11
**excuse** 13:24 20:21
**existing** 21:1
**expedite** 9:8
**explain** 30:6
**explained** 10:3 10:11 23:22
**explaining** 35:17
**explanation** 14:23
**expresses** 15:13

**expressly** 27:21
**extent** 20:6
**extreme** 12:1
**eye** 19:6

**f**

**f** 2:1 13:24 38:1
**f.2d** 27:15 30:9
**f.3d** 29:1
**face** 19:2
**fact** 8:1 10:23 26:16 32:9
**factors** 28:24
**facts** 9:12,14 10:4,16 11:4 15:3,9,10,13,22 16:1,5,9 17:1,17 18:4,13 19:10 19:11 23:14 29:7 31:14,17 31:25 32:1 35:10
**factual** 15:18 17:14 22:8 29:11 31:10
**factually** 30:16
**fail** 27:2
**failed** 24:18
**fails** 12:9
**fair** 13:19
**familiar** 22:8
**fargo** 29:8,20
**farmington** 5:14
**favor** 31:10
**feels** 19:15
**fewer** 27:20
**fidelity** 10:7
**fiduciary** 11:9 15:4,8 16:6,7 17:2,6,8,13

19:12 23:18,19 24:13,15,17
**file** 21:5 22:14
**filed** 3:4,8,9,12 3:15 4:2 8:19,19 9:5 10:2 13:22 14:1 21:21 23:1 34:9 37:7,8
**filing** 31:20
**final** 3:7 8:18 13:11 16:12 20:21 21:20 25:21 27:12,14 27:19,24 28:5,7 28:9,12,17 34:4 37:6
**finality** 21:5
**find** 35:10
**firm** 7:14
**first** 15:6 16:24 22:10,11,25 23:11 24:20 28:7 31:13
**five** 34:18
**flexible** 21:5
**floor** 6:5
**flower** 5:20
**focusing** 32:11 32:14
**folks** 35:16,16
**follow** 13:9 27:5
**following** 12:3 13:17 22:4 28:4
**footnote** 29:9,10 29:20
**foregoing** 38:3
**forward** 8:8 16:17 17:17 18:8,14,16,24 19:3,7

**four** 6:5 17:23
**framing** 15:7
**francisco** 6:6
**fraudulent** 11:7
 18:5 23:17
 24:23,24 26:21
**full** 13:19 14:2,6
 30:13
**fully** 14:2
**fund** 1:15 3:16
 4:3 7:3
**fundamental**
 15:6
**further** 32:24
 34:2
**future** 34:5

**g**

**g** 7:1
**garcia** 5:10
**gcc** 28:25
**general** 27:11
 27:13 28:3
**give** 21:14 25:10
 33:14
**given** 16:17
**giving** 33:17
**go** 8:8 9:21 11:6
 11:15,17 16:16
 17:17 18:7,9,14
 18:16,24 19:3,7
 34:15
**going** 9:2 18:8
 34:15 35:9 36:6
**good** 7:6,9,10,12
 7:13,16,17,19
 7:20,23 8:16
 20:19 35:12
 36:19

**goodyear** 30:9
**graham** 4:25
 38:3,8
**grant** 13:18 14:8
**granted** 18:1
 23:23 29:3,15
 30:10,19
**granting** 3:1
 7:25 21:24,25
 27:13 31:8
 32:14
**grayson** 13:16
**great** 8:24
**guaranty** 10:8
**guess** 20:9

**h**

**h** 1:12
**hamstring** 18:23
**hamstrings**
 18:14
**hamstrung** 18:3
 18:20
**hand** 18:7 19:5
**handle** 33:6
**handled** 34:24
**happen** 18:8
**happens** 18:10
**happy** 35:10
**hard** 18:1
**he'll** 35:2
**hear** 27:11
**heard** 12:6,13
 12:19 14:24
 20:22
**hearing** 3:1,4,7
 3:12,15,22 4:1
 20:3
**heavy** 12:10

**hills** 5:6,14
**history** 31:17
**holt** 3:18
**hon** 2:2
**honestly** 33:21
**honor** 7:6,10,13
 7:17 8:10,14,15
 8:22 9:1,23
 10:20 11:1,11
 11:23 13:20
 16:12,20,23
 17:9 18:16 19:1
 19:7,14,19,25
 20:15,18,23
 21:8 33:20,24
 34:11 35:6,13
 36:10,13,15,16
 36:17,18
**honor's** 9:7 17:6
 20:2,11
**hopes** 34:4

**i**

**immediate** 12:2
 16:14,18 25:16
 25:24 29:16
 32:5,6
**immediately**
 13:9 28:18 30:1
**impact** 9:17
 20:8,10
**impacting** 31:4
**impacts** 20:6
 26:3 30:7
**importance**
 11:18
**important** 10:17
 29:4
**imposes** 30:25

**inability** 12:20
 16:18
**inappropriate**
 15:23
**inception** 31:19
**including** 17:14
 32:16
**inconsistent**
 10:13
**indemnification**
 18:21 23:3
**indemnify** 22:19
**independent**
 31:7
**indicated** 34:17
**individual** 25:21
 28:10,18
**individually**
 3:19
**inefficient** 32:6
**inexorable** 14:6
**infect** 26:17
**instructive** 30:9
**insurance** 10:8
**insurer** 10:9
**intend** 19:5,7
**intentional**
 24:23
**interest** 29:5
**interlocking**
 15:22 29:7
**interlocutory**
 9:12 12:10
 15:23 16:1,4
 27:23
**interpretation**
 23:4 24:2 30:20
 31:21,23
**interrelationsh...**
 28:22

Case: 19-04057    Doc# 283    Filed: 11/07/22    Entered: 11/07/22 13:24:05    Page 45 of
52

| | | | |
|---|---|---|---|
| **intervene** 23:10 | **jerry** 3:17 | **k** | **lesson** 17:25 |
| **intervened** 21:2 | **jessica** 5:8 7:6 | | **letting** 11:14 |
| **introduce** 15:9 | **jh** 29:9 | **kelly** 29:9 | **level** 13:5 14:11 |
| **introduced** | **johnson** 3:17 | **kevin** 3:19 | **liability** 1:15 3:5 |
| 15:16 | **join** 13:14 23:10 | **kicked** 19:12 | 3:10,13 8:20 |
| **introducing** | **joinder** 14:3 | **kids** 18:1 | 10:21 12:15,22 |
| 14:21 | **joint** 3:7 8:17 | **kind** 16:10 | 15:12 18:22 |
| **investigate** 35:9 | 20:20,24 21:19 | **know** 9:6,18 | 19:11 22:20,21 |
| **investments** | 37:5 | 17:1,19,22 21:8 | 23:14,21 26:2 |
| 10:8 | **judge** 2:3 13:25 | 34:12 | 26:10,16,18 |
| **invite** 9:23 | 33:1,3,6,8,10,12 | **knowledge** 35:9 | 30:6 31:3 37:9 |
| **involved** 13:20 | 34:23 35:2,3,3 | **krishnan** 3:16 | **lien** 35:23 |
| 27:19 | 36:7 | **l** | **lieu** 11:16 |
| **issue** 9:3 10:18 | **judges** 33:2 | | **light** 8:1 28:23 |
| 10:21,22 12:16 | **judgment** 3:2,8 | **l** 2:2 | 32:8 |
| 13:15 14:17,18 | 8:1,3,18 9:4,7 | **lafferty** 33:3,6,9 | **limited** 1:15 3:5 |
| 16:13 19:10 | 11:8,15 12:11 | 33:11 34:23 | 3:9,13 8:20 14:3 |
| 20:1 22:24,25 | 12:14,17 13:7 | **laid** 13:13 | 17:8 19:16 37:9 |
| 22:25 23:11 | 13:11,18 14:4 | **large** 24:7 30:21 | **line** 7:24 8:17 |
| 26:2,2,16,18 | 14:10,13,15 | **late** 33:18 | 37:4 |
| 30:6,6 31:3 | 17:7,7,21 18:11 | **lauter** 6:8 7:17 | **lines** 24:8 26:4,5 |
| 34:25 35:11 | 19:9 20:5,21 | 7:18,19,20 | **litigants** 32:21 |
| **issued** 8:7 | 21:1,20,25 22:1 | 20:22,23 21:10 | **litigated** 31:9 |
| **issues** 9:17 10:5 | 22:2,6,15,23 | 21:13,16 35:13 | **litigation** 9:8,12 |
| 11:2,12,19 | 23:10,14 24:10 | 36:17,23 | 9:18,20 10:6,12 |
| 13:20 14:7 21:2 | 24:19 25:14,17 | **law** 5:3 7:14 | 10:25 11:13,20 |
| 22:9,15,17 29:6 | 27:14,20 28:5,7 | 9:10,14 10:17 | 22:9 25:15,25 |
| 29:11 30:15 | 28:8,12 30:10 | **lawsuit** 29:19 | 26:3,10 30:15 |
| 31:10,12 | 30:19 34:9 37:6 | **leading** 14:6 | 30:24 31:5 32:3 |
| **issuing** 20:4 | **judgments** | **learned** 17:22 | 32:11,16,17 |
| **item** 7:24 8:17 | 28:18 | **learning** 18:2 | 33:4 |
| **j** | **judicial** 11:18 | **leave** 20:12 36:5 | **little** 1:12 3:9 |
| | 14:22 29:2,5 | **lee** 10:8 | 5:4 6:12 7:3,7,8 |
| **january** 32:24 | 32:12 | **left** 9:1 28:14 | 7:22,22 8:19 9:2 |
| 32:25 33:19 | **june** 29:9 | 30:12 31:9 | 16:24 37:7 |
| 34:3,12 35:25 | **jurisdiction** | **legal** 10:5,18 | **llc** 1:8,15 3:16 |
| **jaye** 5:16 7:10 | 27:11 | 11:7,19 17:8,18 | 3:18,19 4:3 7:4 |
| **jeffrey** 3:17 | | 18:6 19:10 22:9 | 28:25 29:8,9 |
| **jenner** 5:18 7:14 | | 31:10 38:20 | **llp** 3:5,9,13 5:11 |
| | | **legally** 30:17 | 8:20 37:8 |

**llp's**   3:2 7:25
   21:25
**long**   34:15
**look**   8:7 20:4
**looking**   36:4
**los**   5:21
**losing**   13:18

**m**

**m**   6:8
**mackey**   28:4
**madam**   7:23
**main**   29:17
**maintains**   13:3
**making**   12:14
**master**   13:12
**matter**   1:6 7:2,3
   7:24 10:23
   19:17 21:17
   32:10 34:5 35:1
**matters**   34:3
**means**   17:21
**measure**   24:7
   30:21
**mediation**   33:6
   34:24 35:7,13
   35:24
**meet**   35:11
**memorandum**
   9:3 21:1 22:5
   23:22,22
**mi**   5:14
**mic**   7:17
**michael**   6:8
**million**   11:7
   23:2 24:3,23,25
   25:1,3,8
**mind**   27:9
**mineola**   38:23

**modify**   20:7
**month**   33:18
**months**   32:10
**moot**   22:25
**morning**   7:6,9
   7:10,12,13,16
   7:17,19,20,23
**motion**   3:1,2,7
   7:25 8:1,3,6,17
   9:2,3,4 10:2
   12:14 13:1,20
   13:22 14:14
   20:4,7,8,9,20,25
   21:19,22,24,25
   22:2,23 23:13
   23:23,24 24:10
   24:18 32:21
   34:6,9 37:5
**motions**   14:4
   22:5,14
**movants**   12:5,11
   14:19,19,22
   16:3,13 20:24
**moving**   21:22
   29:13
**mullin**   6:3 7:18
**multiple**   22:12
   25:22 27:18
   28:11 31:12

**n**

**n**   5:1 6:1 7:1
   37:1 38:1
**n.d.**   29:9,10,20
**narrows**   11:2
**near**   34:5
**necessarily**
   15:24 24:18
**necessary**   14:23

**need**   12:6 14:19
   14:21 29:16
   34:20
**needs**   32:21
**new**   3:5,9,13
   8:20 37:8
**ninth**   9:11,24
   10:11,15 13:17
   15:20 30:8
**normally**   29:18
**note**   9:24 19:14
   20:25 21:6
**noted**   10:15
**notice**   21:5
**noticed**   8:9 34:8
**noting**   29:2
**novack**   33:12
   35:3
**november**   38:25
**number**   7:4,5
   10:18 17:14
   22:3,7,13,16
   23:11,16,24
   24:5,8,14,18
   26:4,13,23,24
   27:8 31:15
   34:18
**numbers**   21:23
   33:3
**ny**   38:23

**o**

**o**   2:1 7:1 38:1
**o'clock**   34:4
**oakland**   1:2,21
   33:2
**object**   23:5
**objection**   4:1
   14:1

**objections**   15:16
   33:16
**obviously**   20:6
   20:10
**october**   1:23
   13:23
**odd**   33:2
**oh**   20:23
**okay**   11:21 19:6
   19:17 20:13
   21:14 33:23
   34:1 35:4,5,12
   36:9
**old**   17:23 38:21
**once**   16:14
   35:10
**ones**   15:5 17:14
**open**   30:12
**operations**
   31:19
**opinion**   20:4
**opportunity**
   13:19 21:15
**opposition**   3:4
   3:12,15 8:21
   26:14,25 27:8
**oral**   12:7 14:5
**orchards**   5:12
**order**   3:1 7:25
   10:12 12:3 20:7
   21:24,25 24:4
   24:19
**orders**   12:24
   13:5 15:12
   16:17 22:3,4
   25:15,17,20
   27:6,12,13,14
   27:23 28:12
**outbalanced**
   32:20

Case: 19-04057    Doc# 283    Filed: 11/07/22    Entered: 11/07/22 13:24:05    Page 47 of
52

**outcome** 13:12
**outweighed** 31:25
**overcome** 33:11
**overcrowding** 32:20
**overlap** 15:3
**overlapping** 9:14,14 15:22 16:1
**owed** 25:3
**oxnard** 5:5

**p**

**p** 5:1,1 6:1,1 7:1
**pacific** 1:8 7:4 22:18,21 23:2 24:12 25:3 31:19,19
**page** 24:8 26:4,4 37:4
**pages** 28:25
**panel** 13:4 16:4
**papers** 12:7
**paragraphs** 31:15
**part** 13:4 18:21
**partial** 3:7 8:18 20:21 21:20 22:1 23:13 27:13 30:10,19 37:6
**participated** 35:15
**particular** 13:21 17:8 20:8
**particularly** 15:4
**parties** 8:7 9:9 21:22 22:8,14

25:10,13,24 27:19,21,23 29:13 30:12 32:8 33:7,10,22 34:9,22
**partnership** 3:5 3:10,13 8:20 37:9
**party** 13:19 25:18 28:14 31:1
**paving** 26:12
**payment** 26:20
**pc** 5:10
**pd** 3:20
**permeate** 26:17
**permeates** 26:10
**permitted** 23:9
**permitting** 15:23
**perspective** 19:21
**piecemeal** 11:13 14:22 27:5 28:23 30:2
**plainly** 15:11
**plaintiff** 1:13 7:8
**plaintiffs** 12:8 30:13
**plausible** 31:25
**pm** 1:24 36:25
**point** 16:12 26:8 27:4 29:25
**points** 16:24
**policy** 10:10 28:23
**portion** 24:6
**position** 20:9 25:10 29:22

30:3 31:3 35:16
**possible** 32:10
**post** 16:2,8
**potential** 19:8 30:2 32:18
**practice** 10:23
**preference** 33:21
**preferential** 25:1,2 26:21
**prejudice** 12:21 16:14,15 17:10 17:16,18 24:5 28:24 29:25 32:2,4,16
**prepared** 16:20 20:13 33:9,12
**preparing** 8:4
**preschool** 17:23
**presence** 10:16
**present** 6:10 7:8 9:4 19:10
**presentation** 16:25
**presented** 9:9
**presents** 27:18
**pressing** 29:16 32:21
**previously** 11:5 28:13
**price** 23:7
**primarily** 22:15
**prior** 10:11
**problem** 15:6
**procedure** 12:1
**proceed** 8:23 9:12 13:3 16:18
**proceeding** 23:9
**proceedings** 13:5 36:7,24

38:4
**proceeds** 35:20
**process** 8:4 23:10 28:2
**programs** 17:24
**proof** 10:4 14:1 23:1,7 24:22 25:5 26:22
**proper** 10:15 30:14
**properties** 4:2 6:4 7:18 20:24 21:22 35:18,20
**property** 35:21
**proposition** 25:17 26:9
**prosecute** 12:20 12:25 17:20 18:24 19:5 32:5
**provides** 27:17 27:22
**public** 35:14
**purchase** 10:1 22:18 23:4 24:2 30:20 31:22,23
**purposes** 22:22
**pursue** 25:16,24 26:12 29:24
**put** 18:15 21:6 34:2

**q**

**quadrozzi** 5:10 5:16 7:10,11 8:13,14 19:21 19:24,25 20:15 36:15
**question** 9:6
**quote** 12:24 13:17

Case: 19-04057 Doc# 283 Filed: 11/07/22 Entered: 11/07/22 13:24:05 Page 48 of 52

**r**

**r** 2:1 5:1 6:1 7:1
38:1
**rataxasco** 3:18
**read** 12:7
**ready** 25:9
**real** 9:25 14:23
30:25
**realistically**
17:16
**really** 9:10
34:20
**reason** 10:14
25:22 27:3,22
28:17 29:23
**reasons** 26:7
29:4
**recall** 13:20,21
13:25
**recharacteriza...**
25:2
**recharacterize**
26:19
**record** 20:14
38:4
**recovery** 25:1,7
30:13,21
**redundancy**
16:10
**regard** 18:22
34:7
**regarding** 17:3
**reinstate** 16:7
**reinstated** 13:10
**reiterate** 17:12
**related** 11:7
18:6 29:6
**relates** 20:2
**relationship**
30:3

**relevance** 15:16
**relief** 12:25 14:8
22:12,13 23:8
23:15 24:11
27:18 28:9
31:15
**rely** 11:4 15:21
**remaining** 7:2
9:13,21 10:4
11:2,5,6,14,17
12:12,18,20,25
13:7 14:10 15:4
15:11,21 16:6,8
16:17,19 17:15
17:20 18:3,10
18:12,25 19:13
21:3 24:20 25:6
25:8,9,15,19,25
26:12,17 28:14
28:20,22 29:7
29:12 30:4,7,25
31:8,22 32:9
**reminds** 31:13
**renders** 22:25
**rents** 35:21,23
35:24
**repeatedly** 15:2
**reply** 12:18,24
13:15 15:2 19:2
**report** 34:12
36:11
**represent** 20:23
**representing**
7:15
**requests** 29:3
**require** 10:4
29:3
**required** 14:21
**requires** 27:4

**rescission** 10:10
**resolution** 36:4
**resolve** 25:19
**resolved** 24:6
28:15
**resources** 32:7,8
**respect** 17:18
35:6
**respond** 20:12
**response** 11:25
13:14
**result** 12:23
13:11 30:2
**retired** 35:2
**retiring** 32:25
**reversed** 11:3
**reverses** 13:4
**review** 15:25
16:5 27:23
28:23 31:13
**reviewing** 34:8
**revise** 3:1 7:25
34:6
**revisit** 31:12
**right** 7:9,12,16
7:19,23,24 8:12
8:16,17 11:21
16:21 18:17
19:4,17,23
20:16,19,19
21:9,17,18 34:1
36:14,19
**rise** 14:3
**risk** 27:5 30:25
**road** 38:21
**robert** 3:20
**roebuck** 28:4
**roger** 2:2
**roughly** 25:8

**routinely** 29:4
29:15
**rule** 8:2 11:25
13:23 14:16
15:22 16:11
21:5,20 25:14
27:3,10,16,16
27:22 28:2 29:3
29:5,14 30:14
**ruled** 22:24
**ruling** 18:20
20:11 21:18
22:24 24:6 26:1
30:11
**rulings** 21:1
37:3

**s**

**s** 2:3 5:1 6:1 7:1
**sale** 31:18
**san** 6:6
**sarah** 1:12 3:8
5:4 6:12 7:7,22
8:19 37:7
**saying** 18:24
35:15
**says** 12:15,23
17:24 27:17
**schedules** 25:12
**sears** 28:4
**second** 4:2 6:4
7:18 12:4 14:2,3
14:20 15:18
16:9 20:23 21:4
21:21 22:6,19
22:19,24,25
23:1,9,24 25:13
27:2,9 28:16
29:22 31:18
32:2 33:7 34:25

35:8

**section** 27:12
  31:14
**secured** 35:23
**see** 17:5,16 18:9
  24:8 27:6,14
  28:2,24,25 29:7
  29:19 31:15
**seek** 20:12 25:14
  27:23
**seeking** 10:9
**seeks** 23:2
**seen** 30:16
**seller's** 18:22
**sense** 8:9,11
  9:13 10:25
  11:11,15 12:8
  14:25 28:8,10
  28:12,19 31:24
  33:14
**separable** 28:19
**separate** 31:7
**separation**
  31:25
**sequence** 13:21
**serious** 27:4
**seriously** 29:4
**set** 18:4,13
**sets** 9:11
**settle** 35:25
**seventeenth** 6:5
**severability**
  31:9
**severable** 30:16
  31:4,24
**sheppard** 6:3
  7:18
**show** 14:20
**showing** 12:5
  29:16

**sides** 9:10 10:1
**signature** 38:7
**significant** 14:5
  14:5 24:6
**similar** 10:16
  29:12 30:18
**situation** 27:25
**small** 18:1
**solutions** 38:20
**somewhat** 30:5
**sought** 25:7
  30:22 31:2
**sound** 9:7 29:2
**south** 5:20
**sparingly** 12:2
**speak** 18:23
**speyside** 1:15
  3:16,18 4:3 5:19
  7:3,15 13:13,16
  13:25 14:13
  17:19 18:22
  22:1,6,12,23
  23:5,13,23 24:1
  24:13,16,22
  25:4,5 26:6,8,15
  26:22 27:1
  28:15
**speyside's** 11:14
  26:14
**spirit** 29:5
**sponte** 18:11
**spring** 33:13
**stansbury** 5:13
**starting** 8:25
**stated** 22:11
  26:11
**statement** 26:24
  27:7 31:17
**states** 1:1,19

**stating** 17:20
**status** 3:22 4:1
  26:23 27:7
  32:24 33:15,16
  34:2,12 36:11
**stay** 3:8 8:19
  21:21 25:15
  37:7
**stayed** 25:25
**steel** 1:8 7:4
  22:18,21 23:2
  25:3 31:19
**steel's** 24:12
  31:19
**step** 28:2
**steve** 3:18
**stipulated** 10:23
**stone** 3:17
**strategy** 11:12
**streamline** 9:8
  10:5,25 11:20
  30:24 31:9
**streamlined**
  13:11 30:15
**streamlining**
  11:13
**street** 1:20 4:2
  5:5,20 6:4 7:18
  12:4 14:2,4,20
  20:24 21:4,22
  22:7,19 23:1,9
  25:14 27:2
  29:22 32:3 33:7
  34:25 35:8
**street's** 22:20
  23:24 31:18
**strong** 19:4
**sua** 18:11
**sub** 16:6

**subject** 15:15
**submit** 10:20
  16:20 20:13
**submitted** 19:18
  19:21 21:18
**subordinated**
  25:3 26:19,20
**subordination**
  24:21
**subsequent** 17:3
  18:5,5
**suffer** 16:13
**sufficient** 36:12
**sufficiently**
  30:16
**suggest** 33:17
**suggestion**
  32:23
**suit** 27:25
**suite** 1:20 5:5,13
  5:20 38:22
**summary** 3:2
  8:1,3 9:4 12:11
  12:14,17 13:7
  13:18,22 14:4
  14:10,13,15
  17:7 18:11 19:9
  20:4 21:1,25
  22:1,2,5,14,23
  23:10,14 24:10
  24:19 25:14,17
  27:9,13 28:12
  30:10,19 34:9
**superior** 12:3
**support** 15:10
  18:4 23:7
**supported** 15:10
  19:12
**suppose** 11:16

Case: 19-04057    Doc# 283    Filed: 11/07/22    Entered: 11/07/22 13:24:05    Page 50 of
        212-267-6868                                52 www.veritext.com                              516-608-2400

Veritext Legal Solutions

**supposed** 15:3
**supposedly** 16:5
**supreme** 10:14
**sure** 8:25 21:16 34:16
**surprise** 11:24
**sylvester** 3:20

**t**

**t** 38:1,1
**take** 8:6 13:12 14:9 18:1 29:22 33:3 35:3,16
**taken** 15:19 16:9 31:2 34:6
**talking** 16:25
**talks** 9:25
**td** 3:19
**tech** 29:10
**tell** 35:15
**temporary** 3:8 8:19 21:21 37:7
**term** 23:21
**terms** 12:9 20:7
**texaco** 9:24
**thank** 8:16,24 11:23 16:21,23 20:18 21:15 36:10,16,20,21 36:22,23
**theme** 9:19
**theories** 11:8 17:14 18:6 23:3 23:8 30:13,21
**theory** 12:22 15:12 17:9 24:4
**thing** 16:24 19:20 34:14,20
**things** 17:23,25 18:12 20:1

**think** 8:5,25 9:16 10:22,24 11:11,14,17 14:24 17:11 18:1,11 19:2,4 19:19,25 21:6 21:12 30:7 33:5 33:21 34:14,15 34:17,19,23 35:25
**thinks** 14:25
**third** 24:11
**three** 34:18
**threshold** 9:17 10:21 11:12,19 12:16 26:2 30:6 30:15
**thrown** 19:2
**tiger** 17:24
**time** 8:7 16:9 17:25 18:2 20:12
**times** 31:12
**timing** 9:1 34:19
**today** 14:24 21:8 36:20
**todd** 5:23 7:14
**toral** 5:23 7:13 7:14,16 11:22 11:23 16:21 19:25 20:17,18 33:5,24 34:17 35:6 36:1,3,18 36:21
**toral's** 16:25
**trail** 33:15
**transcribed** 4:25
**transcript** 38:4

**transfer** 11:7 18:5 25:1
**transfers** 23:17 24:23,25 25:2 26:21
**treated** 25:20
**trial** 9:13,21 11:2,6,17 13:5 14:11 15:8,17 16:2,8 17:3 18:3 18:8,9,16 19:13 25:9,11 34:15
**tried** 13:10 16:8
**true** 17:5,25 18:13 32:8 38:4
**truly** 27:24
**trust** 3:20,20 35:22
**trustee** 1:12 3:19 5:4 7:7,22 7:24 8:2,11 11:4 11:9,15 12:4,19 13:2,12,14,22 14:9,16,20 15:8 15:13 16:16 17:1,17,19,22 18:2,7,23 19:3 19:15 21:21 22:6 23:5,7,11 23:24 24:7,11 25:7,13 26:12 27:2 28:15 29:22 30:22 31:2 32:2 33:20
**trustee's** 3:1 7:25 12:12,18 13:6 15:11,18 17:2 18:14 19:9 20:7,9 22:2,11 22:22 24:3 26:9

31:21
**try** 32:9 33:9,12
**trying** 20:7
**tsyn** 29:8,19
**turning** 7:2
**turns** 27:9
**two** 17:24 18:12 22:15,20 24:23 24:24 28:2,24 33:2 36:11

**u**

**u** 2:3
**u.s.** 10:7 13:16 28:4,5
**uhy** 3:1,4,9,12 5:11 7:11,25 8:2 8:15,19 9:3 19:20 21:24 22:13 24:10,12 24:17 26:6 28:14 34:5,7,9 37:8
**uhy's** 8:2 20:4 24:18 27:7
**ultimate** 25:21 28:10
**uncertainty** 10:13
**underinclusive** 12:15 13:1 14:14
**underlie** 17:15
**underlying** 16:5 17:2 19:11
**understanding** 18:19
**understood** 36:1
**undoubtedly** 9:6

**undue** 16:14
**union** 33:7
  34:24 35:7,18
**united** 1:1,19
**universe** 19:15
**unknown** 2:5
**unnecessary**
  32:18
**unresolved**
  28:20
**unusual** 32:19
**unwarranted**
  32:13,15
**unwise** 32:13
**urged** 23:5
**usc** 27:12
**use** 17:1 32:6
**usual** 15:16

| v |
| --- |

**v** 1:14 7:3 10:8
  13:16 27:15
  28:3,4,25 29:8,9
  29:19 30:9
**venkatesan** 3:17
**ventilate** 13:19
**ventilated** 14:2
**ventilation** 14:3
  14:7
**verdicts** 10:13
**veritext** 38:20
**viability** 23:20
**voluminous**
  18:4

| w |
| --- |

**wait** 9:20
**want** 8:2,22
  17:12 19:1,21
  33:8 36:8

**wanted** 21:14
  36:2,5,9
**wants** 8:8 18:7
  34:5
**warranted**
  12:11
**warrants** 29:14
**watching** 17:23
**way** 11:8,20
  26:12
**we've** 10:22
**weeks** 36:11
**weigh** 31:10
**wells** 29:8,19
**went** 35:24
**wessels** 3:18
**westlaw** 29:8,10
  29:20
**wiklendt** 3:17
**willing** 14:12,13
**wish** 19:24
  20:22 34:10
**withdrawal**
  10:21 12:15,21
  15:12 18:22
  19:10 22:20
  23:21 26:2,9,16
  26:18 30:5 31:3
**witnesses** 34:19
**wood** 28:25
**woodland** 5:6
**word** 13:13
  14:10
**work** 15:25
**worker's** 10:10
**wright** 28:3,25
**wrong** 15:11

| x |
| --- |

**x** 1:5,11,18 37:1

| y |
| --- |

**yeah** 18:18
  21:13,14
**year** 17:23
  24:23,24,25
  25:11 33:1
**york** 3:5,9,13
  8:20 37:8
**young** 5:10

Case: 19-04057    Doc# 283    Filed: 11/07/22    Entered: 11/07/22 13:24:05    Page 52 of 52