Entered on Docket
December 12, 2022
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the Memorandum Decision of the Court. Signed: December 9, 2022

Roger L. Efremsky
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

In re

PACIFIC STEEL CASTING COMPANY LLC,   Case No. 19-40193 RLE

        Debtor.   Chapter 7

_____

SARAH L. LITTLE, Ch. 7 Trustee,

        Plaintiff,   AP No. 19-4057 RLE

v.

SPEYSIDE FUND, LLC, et al.,

        Defendants.

_____

**Memorandum Decision on Motion for Summary Judgment**

**I. Background**

    In January 2019, Pacific Steel Casting Company, LLC ("Pacific Steel" or "Debtor") filed this chapter 7 case and Sarah L. Little was appointed trustee (the "Trustee"). In November

2019, the Trustee commenced this adversary proceeding.

The First Amended Complaint (the "FAC") alleged that Debtor's managers (the "Speyside Managers") breached the fiduciary duties they owed to the Debtor and its stakeholders, and Debtor's members aided and abetted them in this (the "Speyside Members" and, collectively with the Speyside Managers, the "Speyside Defendants"). Docket No. 70 (second claim and fourteenth claims for relief).

The FAC also alleged that Debtor's outside auditor, defendant UHY, LLP ("UHY") aided and abetted the breach of fiduciary duty committed by the Speyside Managers. Docket No. 70 (third claim for relief).[1]

UHY responded to the FAC, generally denying its allegations and stating the Trustee had "unclean hands" as an affirmative defense. Docket No. 72 (third affirmative defense). After completing discovery, UHY moved for summary judgment, the Trustee filed opposition and the matter was then taken under submission. Docket Nos. 148-150, 158-159, 164-165.

Thereafter, the Speyside Defendants and the Trustee filed their motions for summary judgment as to the fact of liability. Docket Nos. 171-174, 203, 205 and 176, 180-183, 195, 199, 208.

On August 17, 2022, the court issued its Memorandum Decision

---

[1] *See* FAC ¶12-13 (Defendants violated their fiduciary duties, UHY aided and abetted this); ¶123 (listing alleged breaches of fiduciary duty); ¶127 (UHY provided material assistance by providing materially false financial statements, which perpetuated the wholesale failure to account for known liabilities and the unsubstantiated inflation of assets).

-2-

granting the Speyside Defendants' motion for summary judgment and denying the Trustee's motion for summary judgment as to the fact of liability. Docket No. 231. The Memorandum Decision is incorporated herein by reference. The court ruled, *inter alia*, that the Speyside Defendants were entitled to summary judgment in their favor and the court would dismiss the Trustee's breach of fiduciary duty and aiding and abetting claims against the Speyside Defendants. The court also held that the aiding and abetting breach of fiduciary claim against UHY was necessarily moot and would also be dismissed. The court then entered its order granting summary judgment in UHY's favor. Docket No. 235.

The Memorandum Decision did not address any of the substantive arguments UHY had made in its motion for summary judgment or the counter-arguments made by the Trustee. UHY has since suggested the Court should rule on the merits of UHY's motion. Docket No. 270. The Trustee concurred.

The court will now expand on its ruling in UHY's favor. The court assumes the parties are familiar with the relevant factual and legal background in this case and it will not be described in any detail.

**II. Summary Judgment Arguments**

    **A. UHY's Motion**

UHY's first argument is that it is entitled to summary judgment because, under California law, the defense of *in pari delicto* – or unclean hands – bars the Trustee's claim against it.

The doctrine of *in pari delicto* dictates that when a

-3-

participant in illegal, fraudulent, or inequitable conduct seeks to recover from another participant in that conduct, the parties are deemed *in pari delicto*, and the law will aid neither of them. *In re Mortgage Fund'08 LLC*, 527 B.R. 351, 366 (N.D. Cal. 2015); *In re Yellow Cab Cooperative, Inc.,* 602 B.R. 357, 360-62 (Bankr. N.D. Cal. 2019). Under this theory, the Trustee is deemed to be a participant in the alleged wrongdoing of the Speyside Defendants.

UHY's second argument is that it is entitled to summary judgment because it has shown that there is an absence of evidence to support the Trustee's aiding and abetting claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). UHY contends that (1) the Trustee has not raised a triable issue of fact that UHY had actual knowledge of the specific wrongdoing she has alleged - that the Speyside Defendants "looted" the Debtor; and (2) the Trustee has not raised a triable issue of fact that UHY knowingly gave substantial assistance to the Speyside Defendants in doing this "looting." UHY argues that, at most, the Trustee's case is one of professional malpractice because her case against UHY relies on alleged inadequate auditing of the Debtor's financial statements.

**B. The Trustee's Opposition**

In her opposition, the Trustee argues that the Debtor is a Delaware limited liability company and the breach of fiduciary duty and aiding and abetting claims implicate the internal affairs doctrine which means that Delaware law applies. Under Delaware law, the *in pari delicto* defense is not available to

fiduciaries and is not available to a non-fiduciary such as UHY. *Stewart v. Wilmington Trust SP Services, Inc.*, 112 A.3d 271 (Del.Ch.2015), *aff'd* 126 A.3d 1115 (Del. Nov. 2, 2015) (declining to dismiss aiding and abetting claim against outside auditor because Delaware's fiduciary duty exception to *in pari delicto* covered this claim). In addition, the Trustee claims Delaware's interest in having its law applied is paramount to California's interest in having its law applied. *American International Group, Inc.*, 965 A.2d 763, 822 (Del.Ch.2009) (professional malpractice and breach of contract claims against auditor did not implicate internal affairs doctrine; following *Restatement* approach, court found New York had the most significant relationship to the claims and New York's *in pari delicto* defense immunized auditor from these claims; court noted it would reach a different result if plaintiffs stated aiding and abetting breach of fiduciary duty claim because Delaware's policy interest would then be paramount). The Trustee faults UHY for not performing a choice of law analysis, and for not recognizing that the internal affairs doctrine governs the outcome here.

The Trustee also claims she has established there is ample evidence that UHY knowingly aided and abetted the Speyside Managers' breaches of fiduciary duty.

**C. UHY's Reply**

In its reply, UHY points out that the Trustee previously argued - and convinced the Court to hold - that her fraudulent transfer claims against the Speyside Defendants were tort claims

*MSJ UHY* -5-

to which California law applied because California had the most significant relationship to these claims.[2] UHY contends this is now the law of the case and principles of judicial estoppel preclude the Trustee's belated switch to Delaware law. *Mayweathers v. Terhune*, 136 F.Supp.2d 1152, 1153-54 (E.D. Cal. 2001) (citing *Arizona v. California*, 460 U.S. 605 (1983), under law of the case doctrine, when a court decides on a rule it will ordinarily follow it during the case); *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001) (explaining judicial estoppel).[3]

UHY also points out that in her verified responses to UHY's interrogatories, the Trustee took the position that California law applied to her aiding and abetting claim. The Trustee stated:

> Under **California law**, aiding and abetting requires Plaintiff to prove the following three elements: (1) that UHY knew that a breach of fiduciary duty was being committed by the owners of the Debtor; (2) that UHY gave substantial assistance or encouragement to the owners of the Debtor; and (3) that UHY's conduct was a substantial factor in causing harm to Plaintiff. CACI 3610; see also *Casella v. SouthWest Dealer Services, Inc.*, 157 Cal. App.4th 1127, 1140-41 (2007).

Docket No. 165, Quadrozzi Dec., Ex. 21, 4:10-19 (emphasis added). The Trustee also stated:

> The damages for aiding and abetting a breach of fiduciary duty, especially one where, as here, that aiding and abetting began at the inception of the alleged looting by the owners of the Debtor, under **California law** is coextensive with the damages sought by plaintiff against the owners.

---

[2] *See Restatement (Second) of Conflict of Laws* §145 listing factors to analyze for tort claims.

[3] UHY also points out that the same facts support the Trustee's fraudulent transfer, breach of fiduciary duty, and aiding and abetting claims. Docket No. 164, 10:8-25.

*MSJ UHY* -6-

Docket No. 165, Quadrozzi Dec., Ex. 21, 3:11-13 (emphasis added).

Based on this history, UHY argues that under principles of judicial estoppel and the law of the case doctrine the Trustee may not now claim that Delaware law applies.

**III. Discussion**

    **A. Standard for Summary Judgment**

Summary judgment is proper when the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a), applicable here by Bankruptcy Rule 7056. The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

The moving party has the initial responsibility of informing the court of the basis for its motion, and identifying the evidence which it believes demonstrates the absence of a genuine issue of material fact. *Id*. If the moving party meets its initial burden, the burden shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial. *Id.* at 324. Where a rational trier of fact could not find for the non-moving party based on the record as a whole, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

    **B. Choice of Law**

        **1. Estoppel theories**

UHY argues that the Trustee should be judicially estopped

*MSJ UHY* -7-

from taking the position that Delaware law applies because (1) the Trustee took the position that California law applied to tort claims such as her fraudulent transfer claims against the Speyside Defendants and these claims are premised on the same facts alleged in her claim against UHY; (2) the court adopted this position in ruling in her favor on the Speyside Defendants' motion to dismiss; (3) it would be unfair to allow the Trustee to depart from this position now. *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001).

Because the fraudulent transfer claims and the aiding and abetting claim are premised on the same facts and the Trustee took the position - and the court agreed - that the fraudulent transfer claims were torts to which California law applied because it had the most significant relationship to them, the elements for judicial estoppel are satisfied. At this late stage of the litigation, the court will not allow the Trustee to depart from her earlier position on which she succeeded in defeating the Speyside Defendants' motion to dismiss.

UHY also argues that this previous ruling means use of California law for tort claims is now the law of the case. The court's previous ruling regarding choice of law pertained to the identical issue now before the court in the sense that the court ruled that California law applied to tort claims.

UHY also urges the Court to apply California law to the aiding and abetting claim because the Trustee stated under oath in her Interrogatory Responses that it did. This is a compelling

*MSJ UHY* -8-

argument. There is obvious unfairness in allowing the Trustee to disclaim her choice of law at this late stage of the litigation.[4]

The Trustee based her case against UHY on California law until she filed her opposition to UHY's motion. UHY asserted unclean hands as an affirmative defense in its Answer. The Trustee relied on California law in responding to UHY's discovery and broadly took the position that California law applied to tort claims. If the Trustee intended to rely on Delaware law, this should have been made clear long ago. The position she has taken cannot now be casually discarded. Accordingly, under principles of estoppel and the law of the case doctrine, California law applies.

### 2. Internal Affairs Doctrine

The Trustee claims that because Debtor is organized under Delaware law, the internal affairs doctrine means that Delaware law applies to the breach of fiduciary duty claim against the Speyside Managers and also to the aiding and abetting claim against UHY. UHY counters that the aiding and abetting claim against it does not concern the Debtor's internal affairs, UHY was not a fiduciary to the Debtor, and there is no reason to

---

[4] The Trustee argued California law applied to tort claims in April 2020. The FAC and UHY's Answer to it were filed in June 2020. The responses to UHY's interrogatories were signed in July 2021. Fact discovery closed in July 2021 by stipulation of the parties. The Trustee did not raise this choice of law point until March 2022. The Trustee also relied on California law in her response to a Speyside Defendant's interrogatories. On these facts, the argument for using Delaware law was not timely raised and appears to be an afterthought.

*MSJ UHY* -9-

apply Delaware law when California has a more significant relationship to the underlying events.

The internal affairs doctrine is a conflict of laws principle which recognizes that only one state should have the authority to regulate a corporation's internal affairs. *Lidow v. Superior Ct.*, 206 Cal.App.4th 351, 358-59 (2012). Internal affairs are generally understood to mean matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders — because otherwise a corporation could be faced with conflicting demands. *Id.*

In determining whether the internal affairs doctrine applies here, the court finds instructive *In re Brocade Commc'ns Sys., Inc. Derivative Litig.*, 615 F.Supp.2d 1018, 1036 (N.D. Cal. 2009). There, the parties disputed whether Delaware (the state of incorporation) or California law should apply to tort claims brought against non-fiduciaries. After noting that the doctrine generally means that the law of the state of incorporation governs causes of action that implicate a company's internal affairs, the court declined to apply Delaware law to tort claims brought against individuals who were not fiduciaries and applied California law instead. *See also Solow v. Stone*, 994 F.Supp. 173, 177 (S.D.N.Y.1998) (declining to apply internal affairs doctrine to aiding and abetting breach of fiduciary claim but acknowledging it applied to breach of fiduciary claim against officers); *In re Heritage Organization, L.L.C.*, 413 B.R. 438, 463 (Bankr. N.D. Tex. 2009) (collecting cases involving whether

internal affairs doctrine applied to a trustee's fraudulent transfer claims; ruling Texas's internal affairs doctrine, dictating use of formation state's law, did not apply to trustee's fraudulent transfer claims because such claims involve the rights of creditors not internal corporate governance issues).

Based on the undisputed facts in this record showing that UHY was not a fiduciary to the Debtor and merely an outside auditor, the court finds the internal affairs doctrine is not implicated here and does not determine the outcome of the choice of law question.

### 3. Governmental Interest Analysis

The Trustee's alternative argument is that, if the internal affairs doctrine does not apply, Delaware has a paramount interest in having its law applied. Under Delaware law, the *in pari delicto* defense would not be available for UHY according to the Trustee. *Stewart v. Wilmington Trust SP Services, Inc.*, 112 A.3d at 318-20 (*in pari delicto* defense is not available to fiduciaries, court extends this rule to non-fiduciaries like auditors who materially participate in traditional insiders' discharge of fiduciary duties because they are different from other third parties). On the other hand, under California law, this defense is theoretically available to UHY.

Because of this apparent material difference between Delaware and California law, and assuming both California and Delaware have an interest in having their law applied, the

*MSJ UHY* -11-

Trustee contends that the court must determine which state has a paramount interest in having its law applied. *Washington Mutual Bank, FA v. Superior Court*, 24 Cal.4th 906, 919-20 (2001) (explaining steps involved in governmental interest analysis if one party timely invokes law of a foreign state; court is to consider each state's relative commitment to use of its laws, and consider history, current status, function and purpose of each state's laws).

The Trustee asserts - without elaboration or explanation - that Delaware's interests are paramount and would be more impaired if Delaware law were not applied because an aiding and abetting breach of fiduciary duty claim implicates the internal affairs of a Delaware entity and Delaware has an interest in overseeing Delaware corporate entities. The Trustee does not explain why the Debtor's operating agreement should play a central role in her claim against a non-fiduciary such as UHY. She contends only that Delaware law should be applied here despite the fact that the court previously held - at her urging - that for tort claims, California has a more significant relationship to the alleged conduct than Delaware.

In the Trustee's counsel's own words in referring to the fraudulent transfer claims, and her case in general:

> [O]ur claim is not one that arises in the operating agreement. If the operating agreement did not exist, our claim for fraudulent transfer would still exist. Our claim deals with cooking the books, accounting malfeasance, creating a profit that didn't exist, and then by doing so, distributing that money. It really has nothing to do with the operating agreement.

*MSJ UHY* -12-

Docket No. 165, Quadrozzi Dec., Ex. 18, transcript of 4/20/20 hearing, 3:5-12.

The factors considered under the *Restatement (Second) of Conflicts of Laws* for tort claims (§145) and contract claims (§187) do not weigh in favor of using Delaware law. The Debtor was located in California, the alleged injury to the Debtor occurred in California, the conduct allegedly causing this injury occurred in California, the parties' relationship was centered in California. UHY is registered as a limited liability partnership in New York with its principal place of business in Michigan. Its audits took place in California. Many of the creditors are located in California and the Trustee acts on their behalf in pursuing the claims in this adversary proceeding.

Consideration of these factors does not show that the interest of Delaware is paramount to California's interest. None of the relevant events occurred in Delaware. The only connection to Delaware is that the Debtor was organized under Delaware law. The Trustee has conceded the operating agreement is tangential to her fraudulent transfer and "accounting malfeasance" claims against the Speyside Defendants and it is irrelevant to the claims against UHY as Debtor's outside auditor.

Based on the above authorities, the court holds that the Trustee's aiding and abetting breach of fiduciary claim against UHY does not implicate the internal affairs of the Debtor. Delaware does not have a paramount interest in having its law applied under a governmental interest analysis. In addition, the

*MSJ UHY* -13-

Trustee did not timely raise this choice of law issue and the court sees no reason to allow the Trustee to depart from the position she took in her discovery responses to UHY or to depart from the position she took in response to the Speyside Defendants' motion to dismiss the fraudulent transfer claims. Aiding and abetting breach of fiduciary duty is a tort to which California law applies.

### C. The Unclean Hands Defense - *in Pari Delicto*

UHY contends that the Trustee is deemed to have been a participant in the alleged wrongdoing of the Speyside Defendants and thus has unclean hands. In other words, standing in the shoes of the Debtor, she is *in pari delicto* with the Speyside Defendants and may not recover from them and, by extension, has no viable claim against UHY.

California courts have applied the *in pari delicto* defense to aiding and abetting breach of fiduciary claims brought by bankruptcy trustees where the underlying misconduct can be imputed to the corporate entity and therefore to the trustee. *In re Mortgage Fund '08 LLC*, 527 B.R. 351, 361 (N.D. Cal. 2015) (citing cases; defense applied to liquidating trustee's aiding and abetting claim against debtor's lender; knowledge of the debtors' managers' wrongdoing was imputed to the debtor and therefore to the trustee under the sole-actor exception where the managers and the debtor were one and the same).[5]

---

[5] Under Bankruptcy Code §541(a)(1), a trustee's rights are no greater than the rights of the debtor.

*MSJ UHY* -14-

As noted in *In re Yellow Cab Coop., Inc.*, 602 B.R. 357, 360 (Bankr. N.D. Cal. 2019), Section 3517 of the California Civil Code generally codifies the doctrine of *in pari delicto* or unclean hands: "No one can take advantage of his own wrong." Courts applying *in pari delicto* examine: (1) whether the misconduct at issue can be imputed to the corporate debtor; (2) whether the debtor's misconduct can be imputed to the bankruptcy trustee; and (3) whether the misconduct is sufficiently related to the causes of action asserted by the trustee. *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton, LLP*, 133 Cal. App. 4th 658, 679 (2005).

There are three steps in the analysis of whether the defense is applicable. *In re Crown Vantage*, 2003 WL 25257821, at *7 (N.D. Cal. Sept. 25, 2003), *aff'd* 198 F. App'x 597 (9th Cir. 2006). First, the defense applies if agents of the Debtor - here the Speyside Defendants - participate in the bad acts for which the Trustee seeks damages. Second, if these agents have acted in a way that is adverse to the Debtor and instead have acted to serve their own interests, the defense will not apply (the "adverse interest exception"). Third, an exception to the adverse interest exception arises if these agents and the Debtor are really one and the same so the defense will apply (the "sole-actor exception").

On this record, the defense applies. The first step is satisfied because the Speyside Defendants allegedly "looted" the Debtor causing the Trustee's damages. See, for example, FAC ¶2,

*MSJ UHY* -15-

8, 18, 44, 75, 77, 85, 91, 129, 166. The second step is also satisfied in that there is no allegation in the FAC - and nothing in the summary judgment record - to suggest that the adverse interest exception applies. Finally, the FAC alleges - and the undisputed summary judgment evidence shows - that the Speyside Defendants jointly controlled the Debtor, and there was, in effect, a sole actor. See FAC ¶18 ("there were no innocent insiders (officers, directors, or shareholders) of the Debtor ... who could have acted during the relevant period" and the "looting" was not discovered until after the petition date).

UHY has established that the alleged wrongdoing of the Speyside Defendants is imputed to the Debtor and by extension to the Trustee. The *in pari delicto* defense applies.

**IV. Conclusion**

Based on the foregoing, California law applies to the Trustee's claim against UHY and the *in pari delicto* defense precludes the Trustee from recovering against UHY. The court need not reach the remaining issues raised by the parties. The court requests that UHY upload a supplemental order granting summary judgment corresponding to this ruling.

**** End of Memorandum Decision ***

*MSJ UHY* -16-

**Court Service List**

All parties by ecf.

*MSJ UHY* -17-